154

## AMOS v. METROPOLITAN BUILDING & LOAN ASS'N.

### No. 13083.

Court of Civil Appeals of Texas. Dallas.

Aug. 1, 1941.

Robert M. Vaughan and Jas. D. O'Connor, both of Dallas, for appellant.

Gus L. Berry, of Dallas, for appellee.

BOND, Chief Justice.

The trial court sustained defendant's general demurrer to plaintiff's petition and dismissed the suit. Plaintiff alleged an oral contract, fully executed, whereby defendant engaged the services of plaintiff, a real estate broker, to find a suitable buyer for a certain described lot or tract of land alleged to be "under defendant's control," for which services the defendant agreed to pay plaintiff a five per cent (5%) commission on the sale price of $2,750; that pursuant to said contract, plaintiff found a buyer for said property and, as a result of his efforts, on November 3, 1937, the sale was fully consummated, deed of conveyance executed to the purchaser for the consideration above stated.

The court evidently sustained the demurrer on the theory that defendant is a building and loan association, organized and existing under and by virtue of the laws of the State of Texas relative to such associations, hence without authority to contract for the sale of real estate not owned by it. We think it is immaterial whether defendant owned the property listed, or was in fact inhibited by law to contract in reference to real estate not owned by it. This we do not decide. The petition alleges that the property listed was under defendant's control and the corporation employed plaintiff, agreeing to pay him for the services rendered. The corporation is alleged to have received the benefits of plaintiff's services, but whether or not it received any direct benefits, plaintiff rendered the service for which he was employed, and the property was alleged to be under the control of the corporation; therefore, the corporation should not be allowed to defeat the ends of justice by a plea of ultra vires.

It is a rule of law that an action for damages for breach of contract cannot be defeated by a plea of ultra vires, where the opposite party has, in good faith, performed his contractual obligations, and the corporation has received benefits from the services performed. It is, of course, a question of fact whether the corporation was benefited by the contract; but, courts are not required to inquire closely into the benefits derived by the corporation, where the opposite party has, in good faith, performed his contractual obligations. The subject matter of the contract is alleged to

have been under the corporation's control, which clearly implies a benefit from the services rendered. Kincheloe Irr. Co. v. Hahn Bros. & Co., 105 Tex. 231, 146 S.W. 1187.

As against a general demurrer, plaintiff's petition should be given a fair, reasonable and liberal construction, and the most favorable interpretation. This suit originated in the justice court and was appealed to the county court; thus, the written pleadings are subject to be supplemented by oral pleadings, if necessary, to avoid any ambiguity or uncertainty in the cause of action alleged. We think the petition states a cause of action, fairly apprizing the defendant of the theory upon which a recovery is sought, therefore, sufficient as against a general demurrer.

The judgment of the court below is reversed and the cause remanded for trial.

Reversed and remanded.