Jon Michael WITHROW, Appellant,

v.

Alba Rosa SCHOU, Appellee.

No. 14–97–00492–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 2, 1999.

Rehearing Overruled Feb. 24, 2000.

**38**

John Withrow, Tennessee Colony, pro se.

Alba Rosa Schou, Houston, for appellee.

Panel consists of Justices MAURICE E. AMIDEI, EDELMAN, and WITTIG.

## MAJORITY OPINION

DON WITTIG, Justice.

Jon Michael Withrow (Appellant) brings this writ of error to challenge a default judgment entered against him.[1]  In the trial court's default judgment, appellant was ordered to pay Alba Rosa Schou (Appellee) the sum of $5,000.00, plus interest, representing the cash value of personal property that was allegedly converted by Appellant.  Appellant assigns two points of trial court error.  First, he contends that

---

1.  Appellant appears before this Court *pro se.* He is currently an inmate of the McConnell Unit, Texas Department of Criminal Justice, Institutional Division.

the trial court erred by finding that he was properly served with citation. Second, he contends that the trial court erred by granting a default judgment against him without notice of setting. We affirm. .

Appellant was sued by appellee in justice court in Brazoria County for conversion of her personal property. Appellant filed a *pro se* answer but retained an attorney, Gordon E. White, prior to trial. Attorney White made an appearance and filed a written answer of behalf of appellant. The pleading clearly stated appellant's attorney's address as 3200 Wilcrest Dr., Suite 465, Houston, TX 77042. The court set the case for trial on November 16, 1992, and sent written notice to appellant's attorney. However, neither appellant nor his attorney appeared at trial and appellee was granted a default judgment for $5,000. In his motion for new trial (not filed until nearly two months after he was notified of the judgment), appellant's attorney carefully stated that he did not receive *actual* notice of the trial until November 17, 1992, the day after the trial. The motion was denied. Appellant, then incarcerated on the charge of murder, filed an affidavit of inability to pay costs through his attorney and appealed to the county court.

There was no activity in this case in the county court for over three years. The trial court properly set the case on a try or dismiss docket. On April 25, 1996, the county court sent notice of trial setting for August 12, 1996, to appellant's attorney at his address on file with the court, 3200 Wilcrest Dr., Suite 465, Houston, TX 77042. The notice was returned undelivered to the trial court on May 2, 1996, with the notation "Return to Sender. Forwarding Order Expired." A post-answer default judgment was again granted to appellee on the scheduled trial date, properly based on the evidence, we must assume, there being no reporter's record attached. Appellant now appeals for the same claim for the second time by writ of error.

A direct attack on a judgment by writ of error must: (1) be brought within six months after the trial court signs the judgment; (2) by a party to the suit; (3) who did not participate in the actual trial; and (4) the error complained of must be apparent from the face of the record. *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex.1997). Review by writ of error affords an appellant the same scope of review as an ordinary appeal; that is, a review of the entire case. *Id.* The only restriction on the scope of writ of error review is that the error must appear on the face of the record. *Id.* The face of the record, for purposes of writ of error review, consists of all the papers on file in the appeal, including the statement of facts (reporter's record). *Id.*

In his first point of error, Appellant contends that because he was not served with a second citation after his appeal was perfected in the county court for trial *de novo*, he was "denied the right to defend himself." *See* TEX.R. CIV. P. 534, 574b.

This lawsuit was initiated by appellee in the justice of the peace court. Appellant was properly served with citation and filed a written answer in the justice court. The justice court granted judgment in favor of appellee. Appellant, thru his attorney, perfected an appeal to the county court for trial *de novo* by timely filing his notice of appeal in the form of an affidavit of inability to pay costs of appeal. *See* TEX.R. CIV. P. 572.

Additional pleadings are not necessary for a trial *de novo* in the county court where the pleadings in the justice court are in writing.[2] *See* TEX.R. CIV. P. 574;

2. We note that in appeals from small claims courts, chapter 28 of the Government Code provides that "[t]rial on appeal [to the county court] is de novo. No further pleadings are required and the procedure is the same as in small claims court." TEX. GOV'T CODE ANN. § 28.053(b) (Vernon 1988). While chapter 27 of the Government Code, pertaining to justice courts, does not contain a parallel provision, case law supports our conclusion that addi-

*Amos v. Metropolitan Bldg. & Loan Ass'n,* 154 S.W.2d 154, 155 (Tex.Civ.App.-Dallas 1941, no writ); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 51.001(a) (Vernon 1997). Thus, upon trial *de novo* in the county court on an action that originated in the justice court, the written pleadings of record in the justice court will generally constitute an appearance by the respective parties of record in the county court. *See id.; LeVada Hughes and Occupants v. Habitat Apartments,* 880 S.W.2d 5, 7–8 (Tex.App.-Dallas 1992). As noted above, appellant's original answer in the justice court was in writing. This was sufficient to constitute an appearance by appellant in the county court upon trial *de novo,* thereby precluding the need for service of citation. *See LeVada Hughes and Occupants,* 880 S.W.2d at 7–8. In fact, it was appellant who invoked the county court's jurisdiction by his appeal. Appellant's first point of error is overruled.[3]

In his second issue, appellant contends that the trial court erred in entering a default judgment in this case because *he* did not receive notice of any trial settings. The record shows that on April 25, 1996, the Brazoria County Clerk mailed a notice to his attorney advising that the cause was set for "trial or dismissal" at 9:00 a.m. on August 12, 1996. The notice was properly addressed and mailed to appellant's trial counsel in Houston. However, the record shows that the envelope in which the notice was mailed to appellant's counsel was returned to the county clerk, stamped "Forwarding Order Expired."

■ Rule 8 requires all communications from the court or other counsel with respect to a suit to be sent to the attorney in charge. *See* TEX.R. CIV. P. 8. Neither the trial court nor the clerk may communicate directly with a party represented by counsel. The notice requirements of Rule 245 are satisfied by serving the attorney of record. TEX.R. CIV. P. 21a; *Bruneio v. Bruneio,* 890 S.W.2d 150, 155 (Tex.App.-Corpus Christi 1994, no writ). An attorney's knowledge of a trial setting is imputed to his client. *Magana v. Magana,* 576 S.W.2d 131, 133 (Tex.Civ.App.-Corpus Christi 1978, no writ). Appellant argues that the rules of procedure or due process impose the responsibility on the trial court or clerk to track down the opposing party's attorney of record and send counsel another notice. In fact, the rules provide relief to the out-of-county attorney, as we have here. If the non-resident attorney simply sends a return envelope properly addressed and stamped, the clerk is required to notify such attorney of all trial settings. *See* TEX.R. CIV. P. 246. Still, if the attorney fails to notify the clerk in writing of a new address, or as here, does not even renew a change of address with the post office, then there is no "due process" argument with the State.

■ As to Constitutional concerns, actual notice is not and has never been the standard for determining whether due process has been afforded a litigant. Rather, due process only requires notice, reasonably calculated under the circumstances, to be given. *Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 82, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988); *Walker v. Brodhead,* 828 S.W.2d 278, 280 (Tex.App.-Austin 1992, writ denied). Federal courts have held in various contexts that mailing

tional pleadings are not necessary in actions originating in justice courts that are appealed to county courts for trial *de novo* where the pleadings in the justice courts are in writing. *See* TEX. GOV'T CODE ANN. §§ 27.001–.059 (Vernon 1988 & Supp.1999); TEX. CIV. PRAC. & REM.CODE ANN. § 51.001(a) (Vernon 1997); *Amos,* 154 S.W.2d at 155.

**3.** We are unable to conclude that appellant's filing of his affidavit of inability to pay costs

of appeal in itself constituted an "appearance" in the county court. *See LeVada Hughes and Occupants,* 880 S.W.2d at 7–8. It is his *written* answer filed in the justice court that was transmitted to the county court upon appellant's demand for trial *de novo* that constitutes an appearance. *See* TEX.R. CIV P. 574; *LeVada Hughes and Occupants,* 880 S.W.2d at 7–8.

notice of dispositive settings by first-class mail is constitutionally sufficient as long as the government acts reasonably under the circumstances, even if the intended recipient of the notice never receives it. *See In re Eagle Bus Mfg., Inc.,* 62 F.3d 730, 735 (5th Cir.1995) (in bankruptcy proceeding, notice by first class mail to creditors notifying them of bar date for proof of claims met due process requirements; question was not whether notice was received but whether it was properly mailed); *Farhoud v. INS,* 122 F.3d 794, 796 (9th Cir.1997) (notice of deportation proceeding by first-class mail to last known address held sufficient); *Weigner v. City of New York,* 852 F.2d 646, 650 (2d Cir.1988) (notice of tax foreclosure action sent by first-class mail satisfied due process).

In *Transoceanic Shipping Co., Inc. v. General Universal Systems, Inc.,* the court was confronted with similar circumstances as present in this case. 961 S.W.2d 418 (Tex.App.-Houston [1st Dist.] 1997, no writ). In that case, the appellant contended that default judgment was improper because it did not receive notice of the trial setting, noting that the record showed that its *counsel* did not receive notice. *Id.* at 419. The court observed that the record showed the envelope in which the notice was mailed by the court to the appellant's counsel was returned to the court, stamped "RETURN TO SENDER; UNDELIVERABLE AS ADDRESSED; FORWARDING ORDER EXPIRED." *Id.* at 420. The court reversed the default judgment, concluding that the face of the record affirmatively reflected that the appellant's counsel did not receive the trial setting notice mailed by the court. *Id.*

We disagree with *Transoceanic.* While one could distinguish the cases because our appellant complained of his personal lack of actual notice, rather than his counsel, the rationale is virtually the same. There is no error "apparent from the face of the record" when the trial court or clerk fully complies with Rule 245 by mailing notice of the trial setting to appellant's attorney of record at his last known address. Neither Rule 245 nor the due process clause absolutely require actual notice of a trial setting, as the *Transoceanic Shipping* court and the dissent in this case imply. This misallocates the respective duties and creates a potential for abuse.[4] It is implicit in Rule 8 that an attorney in charge is responsible for notifying the court and opposing counsel of any change in his address immediately and certainly before any address forwarding order has expired. Similarly, Tex.R. Civ. P. 21a specifies that notices be sent to the party's *last known address,* thus imposing a responsibility on the person to be notified to keep the court and parties apprised of their correct and current address.[5] Once an attorney appears on the initial pleadings, "Thereafter, until such designation is changed by written notice to the court and all other parties in accordance with Rule 21a, said attorney in charge shall be responsible of the suit as to such party." *See* Tex.R. Civ. P. 8. Nothing in the record indicates that counsel for appellant notified the court of a change of address and we are precluded from going outside the record to presume he did. Appellant would shift the "responsibility" from counsel to the trial court or clerk. We decline to do so. The clerk has a duty to notify the parties of trial settings and the party has a continuing duty to specify where that no-

4. The abuse is especially evident in this case, where appellant and his attorney already had one bite at the apple for missing a trial date; both knew appellant was appealing an adverse judgment in county court and might be facing the same result. Despite this, the record shows they did nothing to keep the trial court reasonably informed as to their whereabouts.

5. The dissent would place the burden of maintaining notice of a party's correct address upon the trial court or clerk. The dissent suggests maybe appellant's counsel did notify the clerk who failed to note the address change. The record is silent to this possibility but appellant himself offers neither proof nor argument supporting this conjecture.

tice will be sent. *Id.; see also* TEX.R. CIV. P. 21a.

When the trial court mailed notice of the trial setting to appellant's counsel at the last address given, it fulfilled its requirement under Rule 245 and acted reasonably under the circumstances in fulfilling its due process obligations. As such, there is no error on the face of the record. Appellant's second point of error is overruled.

The judgment is affirmed.

MAURICE E. AMIDEI, Justice dissenting.

I respectfully dissent.

While I concur with the majority's disposition of Appellant's first point of error, I respectfully dissent to the majority's disposition of Appellant's second point.

A party who is entitled to notice pursuant to Rule 245 TEX.R. CIV. P. may set aside a judgment by default taken against him if he was not served with such notice in compliance with Rule 21a TEX.R. CIV. P. The face of the record shows that (1) by using regular mail the trial court did not comply with Rule 21a; and (2) appellant did not receive the regular mail notice. Our Supreme Court held that in reviewing an appeal by writ of error, as here, "the error must appear on the face of the record." *Norman Communications v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997). The "face of the record, for purposes of writ of error review, consists of all the papers on file in the appeal, including the statement of facts." *Id.* As in all appeals, it does not including anything outside the record presented for appellate review.

Recently, in reviewing a writ of error case, the First District addressed factual and legal issues identical to those of the case at bar. *See Transoceanic Shipping Co., Inc. v. General Universal Systems, Inc.*, 961 S.W.2d 418 (Tex.App.-Houston [1 st Dist.] 1997, no writ). The appellant in

*Transoceanic Shipping Co.* contended that a default judgment entered against it was improper because its trial counsel did not receive notice of the trial setting. *Id.* at 419. The court of appeals observed that the envelope in which the notice was mailed to the appellant's trial counsel was stamped, "RETURN TO SENDER; UNDELIVERABLE AS ADDRESSED; FORWARDING ORDER EXPIRED." *Id.* at 420. This is precisely what occurred in the instant matter: the record clearly indicates that the envelope in which the notice was sent to Appellant's trial counsel was returned to the county clerk, stamped "Forwarding Order Expired."

Consistent with the standard of review set forth by the Supreme Court, the court of appeals in *Transoceanic Shipping Co.* reversed the default judgment, holding that the "face of the record" affirmatively reflected that the appellant's trial counsel did not receive the trial setting notice. *Id.* Here, too, the "face of the record" affirmatively reflects that Appellant's trial counsel did not receive notice of the trial setting. In juxtaposition, the factual and legal issues in the instant matter and *Transoceanic Shipping Co.* are indistinguishable.

The court in *Transoceanic Shipping Co.* was not persuaded by the appellee's argument that the default judgment should be affirmed because it was the appellant's fault that the trial court did not have the current address of the appellant's trial counsel. *Id.* "[A]ppeal by writ of error is not an equitable proceeding. Therefore, a writ of error appellant is not required to show diligence or lack of negligence before its complaints will be heard." *Id.* (quoting *Texaco v. Central Power & Light Co.*, 925 S.W.2d 586, 590 (Tex.1996)). In rejecting the reasoning of the First District, the majority in this case holds that neither the court nor opposing counsel should be responsible for Appellant's trial counsel's failure to notify the court and opposing counsel of his address change.[1] However,

---

1. This Court shares the same jurisdictional (geographic) boundaries as the First Court of

assuming *arguendo* that the majority's holding is correct, there is nothing in the record of this matter to suggest that Appellant's trial counsel did not notify the county court and opposing counsel of his address change. It is possible that the county court failed to note the address change, mailing the notice of trial setting to the wrong address.[2] Appellee did not file a brief in this case, and we are restricted to reviewing only the "face of the record." *See Norman Communications*, 955 S.W.2d at 270. Whether the error was made by Appellant's trial counsel or the county court cannot be discerned from the record presented for our review.

This Court's holding should not be based upon its surmise that Appellant's trial counsel failed to notify the court and opposing counsel of his address change. The majority's opinion in this case is not based completely upon the record and is in contrast to the clear and sound precedent of *Transoceanic Shipping Co.*

Appeals. The majority opinion in this case reaches a polar opposite conclusion as did the First Court of Appeals based upon the same facts and legal issues, ignoring the doctrine of *stare decisis. See Conner v. ContiCarriers & Terminals, Inc.*, 944 S.W.2d 405, 420–22 (Tex. App.-Houston [14th Dist.] 1997, no writ) (Lee, J., dissenting).

2. It is noteworthy that a failure to give the required notice under Rule 245 constitutes a denial of a party's due process right to be heard in a contested case. *See* Tex.R. Civ. P. 245; *Transoceanic Shipping Co., Inc.*, 961 S.W.2d at 420 n. 2.