

# IN THE
# TENTH COURT OF APPEALS

## No. 10-13-00293-CV

### IN THE MATTER OF THE MARRIAGE OF
### ELAINE DENISE LANDRY
### AND
### ROBERT DENISON LANDRY
### AND
### IN THE INTEREST OF D.R.L., A CHILD

**From the 278th District Court
Madison County, Texas
Trial Court No. 12-13129-278-09**

## MEMORANDUM OPINION

In this appeal, appellant, Robert Denison Landry, challenges the trial court's final decree of divorce. In five issues, Robert argues that: (1) the property division is not supported by legally and factually sufficient evidence; (2) the child-support award is not supported by legally and factually sufficient evidence; (3) the trial court erred in not naming him joint-managing conservator of his child with appellee, Elaine Denise Landry; (4) the trial court erred in entering a modified possession order; and (5) the trial court erred in conducting the final hearing without providing him with proper notice of

the trial setting. Because we conclude that the notice to Robert of the final hearing was improper, we reverse and remand.[1]

<h2 style="text-align:center">I.    NOTICE</h2>

In his fifth issue, Robert complains that he was not provided proper notice of the final hearing on the divorce.

## A.    **Standard of Review**

Here, Robert asserted in his first amended motion for new trial that he did not receive proper notice of the final hearing conducted on May 17, 2013; however, the trial court denied Robert's motion for new trial.

We review a trial court's decision to deny a motion for new trial under an abuse-of-discretion standard. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). A trial court abuses its discretion when it acts "'without reference to any guiding rules or principles' or, stated another way, when the trial court acts in an arbitrary and unreasonable manner." *City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 757 (Tex. 2003) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985)).

A trial court must set aside a post-answer default judgment when the defendant satisfies the test articulated in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). *See Ashworth v. Brzoska*, 274 S.W.3d 324, 328-29 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Under *Craddock*, the defendant must demonstrate that (1) his

---

[1] As this is a memorandum opinion and the parties are familiar with the facts, we only recite those facts necessary to the disposition of the case. *See* TEX. R. APP. P. 47.1, 47.4.

failure to appear was not intentional or the result of conscious indifference; (2) there is a meritorious defense; and (3) the granting of a new trial will not operate to cause delay or injury to the opposing party. *Id.* at 329 (citing *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987)).

The law presumes that a trial court will hear a case only after giving proper notice to the parties. *Tex. Dep't of Pub. Safety v. Mendoza*, 956 S.W.2d 808, 812-13 (Tex. App.—Houston [14th Dist.] 1997, no pet.). "Importantly, then, if the defendant did not receive notice of a trial setting, he satisfies the first prong of *Craddock* and need not prove the existence of a meritorious defense to be entitled to a new trial."[2] *Ashworth*, 274 S.W.3d at 329 (citing *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988)). As such, a trial court abuses its discretion in denying a new trial to a defendant who satisfies the *Craddock* test. *See Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994); *see also Cliff*, 724 S.W.2d at 779.

**B.    Notice Requirements**

The Fourteenth Amendment to the United States Constitution provides: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. CONST. amend. XIV, § 1. "Once a defendant has made an appearance in a cause, he is entitled to notice of the trial setting as a matter of due process under the Fourteenth Amendment to the federal constitution, as set forth in *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108, 108 S. Ct. 896, 99 L. Ed. 75 (1988)." *LBL Oil Co. v.*

---

[2] Denise does not challenge the third prong of *Craddock*. *See Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 129 (1939); *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987).

*Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989) (per curiam); *see In re J.B.*, 93 S.W.3d 609, 614-15 (Tex. App.—Waco 2002, pet. denied).

Due process of law requires notice in accordance with the Texas Rules of Civil Procedure. *See Mathis v. Lockwood*, 166 S.W.3d 743, 746 (Tex. 2005) (per curiam); *Finlan v. Peavy*, 205 S.W.3d 647, 653-56 (Tex. App.—Waco 2006, no pet.). Texas Rule of Civil Procedure 21 provides: "An application to the court for an order and notice of any hearing thereon, not presented during a hearing or trial, shall be served upon all other parties not less than three days before the time specified for the hearing unless otherwise provided by these rules or shortened by the court." TEX. R. CIV. P. 21. Rule 21 governs notice of trial settings. *See Tanksley v. CitiCapital Commercial Corp.*, 145 S.W.3d 760, 763 (Tex. App.—Dallas 2004, pet. denied); *see also Jackson v. Jackson*, No. 01-04-01215-CV, 2006 Tex. App. LEXIS 9495, at *8 (Tex. App.—Houston [1st Dist.] Nov. 2, 2006, no pet.) (mem. op.). "The Court may set contested cases" for trial only "with reasonable notice of not less than forty-five days to the parties of the first setting for trial . . . ." TEX. R. CIV. P. 245. The Texas Rules of Civil Procedure also provide:

> Every notice required by these rules, and every pleading, plea, motion, or other form of request required to be served under Rule 21 . . . . may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record, as the case may be, either in person or by agent or by courier receipted delivery or by certified or registered mail, to the party's last known address, or by telephonic transfer to the recipient's current telecopier number, or by such other manner as the court in its discretion may direct.

*Id.* at R. 21a. Rule 21a governs notice of trial. *See Mathis*, 166 S.W.3d at 743; *see also Cliff*, 724 S.W.2d at 780.

C.      **Discussion**

The dispositive issue in this appeal deals with the application of the rules of civil procedure to undisputed facts, which is a question of law that we review de novo. *See Moore v. Wood*, 809 S.W.2d 621, 623 (Tex. App.—Houston [1st Dist.] 1991, no writ). Under Texas Rule of Civil Procedure 8,

> the attorney whose signature first appears on the initial pleadings for any party shall be the attorney in charge, unless another attorney is specifically designated therein. Thereafter, until such designation is changed by written notice to the court and all other parties in accordance with Rule 21a, said attorney in charge shall be responsible for the suit as to such party.
>
> All communications from the court or other counsel with respect to a suit shall be sent to the attorney in charge.

TEX. R. CIV. P. 8. Neither the trial court nor the clerk may communicate directly with a party who is represented by counsel. *See Withrow v. Schou*, 13 S.W.3d 37, 40 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). The notice requirements of rule 245 are therefore satisfied by serving the attorney of record. TEX. R. CIV. P. 21a, 245; *see Bruneio v. Bruneio*, 890 S.W.2d 150, 155 (Tex. App.—Corpus Christi 1994, no writ) ("[The] rules suggest that . . . notice . . . [be] sent to the attorney in charge if the party is represented, or to the party himself if pro se."). Furthermore, a party challenging a trial court's judgment for lack of notice has the burden of proving there was no notice and must produce evidence in addition to an allegation in a motion for new trial. *See Welborn-Hosler v. Hosler*, 870 S.W.2d 323, 328 (Tex. App.—Houston [14th Dist.] 1994, no writ); *see also In re D.K.*, No. 2-09-117-CV, 2009 Tex. App. LEXIS 9945, at *6 (Tex. App.—Fort Worth Dec. 31, 2009, no pet.) (mem. op.).

In the instant case, Denise filed her original petition for divorce on August 10, 2012. Robert responded by filing an answer and counterpetition for divorce on September 10, 2012. At the time of filing his answer and counterpetition, Robert was represented by counsel. However, on January 28, 2013, Robert's trial counsel filed a motion to withdraw, asserting, among other things, that Robert "has failed to comply with the terms of the employment contract entered into" with his attorney. At the time of the filing of the motion to withdraw, there were no pending settings or deadlines in the case.

Subsequently, on March 7, 2013, at the request of Denise, the 278th Judicial District Court coordinator, sent via certified mail a notice of setting to Robert at his last known address: 5647 FM 2158; Midway, Texas 75852. This address was provided by Robert's trial counsel. Furthermore, the notice of setting stated that the final hearing for divorce was scheduled for May 17, 2013. The certified receipt was delivered to Robert's last known address and was signed for by Jordan Landry, Robert's brother.

However, at the time the above notice was sent, Robert was still represented by counsel. *See* TEX. R. CIV. P. 8. Indeed, the trial court did not grant counsel's motion to withdraw until May 17, 2013, the day of the final hearing, leaving Robert unrepresented at the final hearing. Moreover, there is no evidence in the record indicating that Robert's trial counsel received notice of the final hearing such that notice could be imputed to Robert. *See Magana v. Magana*, 576 S.W.2d 131, 133 (Tex. Civ. App.—Corpus Christi 1978, no writ) (stating that an attorney's knowledge of a trial setting is imputed to her client); *see also In re D.W.*, 353 S.W.3d 188, 192 (Tex. App.—Texarkana 2011, pet.

denied (same). In fact, the March 7, 2013 notice specifically states that it was mailed to the Madison County District Clerk, Denise's trial counsel, and Robert.

Because Robert was represented by counsel at the time the March 7, 2013 notice was sent, and because Texas Rule of Civil Procedure 8 requires that all communications from the court or other counsel with respect to a suit to be sent to the attorney in charge, we conclude that the March 7, 2013 notice was improper. *See* TEX. R. CIV. P. 8, 21a, 245; *see also Withrow*, 13 S.W.3d at 40; *Bruneio*, 890 S.W.2d at 155. Accordingly, we conclude that the *Craddock* test was satisfied in this case, and as such, the trial court abused its discretion in refusing to set aside the default judgment against Robert. *See Mathis*, 166 S.W.3d at 745; *Ashworth*, 274 S.W.3d at 329; *Mendoza*, 956 S.W.2d at 812-13; *see also Shook v. Shook*, No. 01-09-00649-CV, 2010 Tex. App. LEXIS 3864, at **3-7 (Tex. App.—Houston [1st Dist.] May 20, 2010, no pet.) (mem. op.). We therefore reverse the trial court's final decree of divorce entered on May 17, 2013, and remand for further proceedings consistent with this opinion.


                          AL SCOGGINS
                          Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Reversed and remanded
Opinion delivered and filed April 10, 2014
[CV06]