**Opinion issued August 26, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-01000-CV

———————————

**ROBERT KELLY D/B/A BRENHAM FLOWERS, Appellant**

**V.**

**BRENHAM FLORAL COMPANY D/B/A BRENHAM FLORAL, Appellee**

---

**On Appeal from the County Court at Law**
**Washington County, Texas**
**Trial Court Case No. 2011-092**

---

## MEMORANDUM OPINION

Robert Kelly d/b/a Brenham Flowers appeals the post-answer default judgment for appellee, Brenham Floral Company d/b/a Brenham Floral. In two issues, Kelly contends that the trial court abused its discretion in (1) denying his

motion for new trial to set aside the default judgment and (2) awarding attorney's fees in the amount of $12,895 to Brenham Floral. We affirm.

## Background

Brenham Floral, a florist shop in Brenham, Texas, has been in business since 1962. In February 2011, Kelly opened Brenham Flowers located at 801 A&B South Market Street, in Brenham, Texas.[1]

On May 24, 2011, Brenham Floral sued Kelly for trademark infringement, unfair competition, and dilution based on Kelly's use of "Brenham Flowers." In its lawsuit, Brenham Floral alleged that Kelly's use of the name "Brenham Flowers" and "Brenham Wildflowers" had "caused numerous instances of actual confusion, mistake, or deception among members of the relevant consuming public, all to the detriment of [Brenham Floral] and its goodwill." Brenham Floral sought injunctive relief and recovery of its attorney's fees.[2]

On August 11, 2011, Kelly filed a letter addressed to the court clerk which functioned as his answer to the lawsuit. In the letter, he stated that Brenham

---

[1] At the hearing on the motion for new trial, Kelly's attorney stated that Kelly had filed the d/b/a for the business on behalf of his fiancée, Deann Klingman, and that Klingman actually ran the day-to-day operations.

[2] In its amended petition, Brenham Floral sought actual damages based on its trademark infringement and unfair competition claim. However, at trial, Debbie Woltmann, one of the owners of Brenham Floral, testified that Brenham Floral was not seeking damages but only injunctive relief and recovery of its attorney's fees.

Flowers had willingly changed its name to Brenham Wildflowers after receiving a request from Brenham Floral's attorney to do so. He further stated that, despite making every effort to differentiate his business from Brenham Floral, Brenham Floral had filed suit against his company. On October 5, 2011, Brenham Floral filed a motion for default judgment alleging that Kelly had not filed a pleading constituting an answer or otherwise entered an appearance in the suit.

By letter dated May 7, 2012, the trial court notified the parties that the case "will be dismissed by the Court for want of prosecution at its docket call on June 14, 2012 . . . unless a written Motion to Retain, together with a proposed Pre-Trial Order complying with Rule 165a(1), is filed by the date stated above." On June 6, 2012, Brenham Floral filed a motion to retain, a motion for summary judgment, and a proposed pretrial order.

On June 13, 2012, the trial court filled out the pretrial order setting trial for August 15, 2012. Brenham Floral and its counsel appeared for trial but Kelly did not. At the conclusion of the proceeding, the trial court orally granted Brenham Floral's motion for default judgment and signed an order granting the motion, the requested injunctive relief, and an award of attorney's fees to Brenham Floral in the amount of $12,895.

On September 4, 2012, Kelly filed a motion for new trial and, following a hearing, the trial court denied Kelly's motion. Kelly timely filed this appeal.

**Discussion**

In his first issue, Kelly contends that the trial court abused its discretion in denying his motion for new trial to set aside the default judgment. His second issue argues the sufficiency of the evidence to support the award of attorney's fees.

## A. Post-Answer Default Judgment

### 1. *Applicable Law*

A post-answer default judgment is a judgment rendered after the defendant has filed an answer but failed to appear for trial. *See Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). A post-answer default "constitutes neither an abandonment of defendant's answer nor an implied confession of any issues thus joined by the defendant's answer." *Id.* In such a case, judgment may not be entered on the pleadings; instead, the plaintiff must offer evidence and prove his case as in a judgment upon a trial. *Id.; see also Sharif v. Par Tech, Inc.*, 135 S.W.3d 869, 873 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

A trial court must set aside a post-answer default judgment when the defendant satisfies the test articulated in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (1939), pursuant to which the defendant must demonstrate that (1) his failure to appear was not intentional or the result of conscious indifference; (2) there is a meritorious defense; and (3) the granting of a new trial will not operate to cause delay or injury to the opposing party.

*Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994); *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987).

The law presumes that a trial court will hear a case only after giving proper notice to the parties. *Tex. Dep't of Pub. Safety v. Mendoza*, 956 S.W.2d 808, 812–13 (Tex. App.—Houston [14th Dist.] 1997, no pet.). Due process requires notice that is reasonably calculated under the circumstances to effectuate service. *Withrow v. Schou*, 13 S.W.3d 37, 40 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). If the defendant did not receive notice of a trial setting, he satisfies the first prong of *Craddock* and need not prove the existence of a meritorious defense to be entitled to a new trial. *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988).

We review the denial of a motion for new trial under an abuse of discretion standard. *See Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984). An abuse of discretion occurs if the trial court acts without reference to any guiding rules or principles. *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997). Accordingly, a trial court abuses its discretion in denying a new trial to a defendant who satisfies the *Craddock* test. *Cliff*, 724 S.W.2d at 779; *Ashworth v. Brzoska*, 274 S.W.3d 324, 329 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

### 2. *Analysis*

In his motion for new trial, Kelly denied receiving notice of the August 15 trial setting at which the court granted Brenham Floral's motion for default

5

judgment. He argues that because he never received notice of the trial setting, his failure to appear at trial was not intentional or the result of conscious indifference. Thus, he claims, he has satisfied the first prong of *Craddock* and need not prove the existence of a meritorious defense to be entitled to a new trial. Brenham Floral argues that the trial court did not abuse its discretion in denying Kelly's motion for new trial because there was sufficient evidence presented to support the court's conclusion that Kelly had received notice of the trial setting.

A presumption of receipt arises when a party presents evidence that a document was placed in the United States mail with the proper address and sufficient postage. *Southland Life Ins. Co. v. Greenwade*, 159 S.W.2d 854, 857 (Tex. 1942); *Texaco, Inc. v. Phan*, 137 S.W.3d 763, 767 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Direct testimony that a letter was properly addressed, stamped, and mailed to the addressee raises a presumption that the letter was received by the addressee in due course. *Texaco, Inc.*, 137 S.W.3d at 767. The matters of proper addressing, stamping, and mailing may be proved by circumstantial evidence, such as the customary mailing routine of the sender's business. *Id.* The mere denial of receipt is sufficient to rebut the presumption; *id.*; *Gulf Ins. Co. v. Cherry*, 704 S.W.2d 459, 461 (Tex. App.—Dallas 1986, writ ref'd n.r.e.), however, the denial is not conclusive and merely presents a fact issue for the factfinder. *Texaco, Inc.*, 137 S.W.3d at 767; *Cooper*, 489 S.W.2d at 415. The

6

presumption of receipt is overcome conclusively only when "the evidence tending to support the contrary inference is conclusive, or so clear, positive, and disinterested that it would be unreasonable not to give effect to it as conclusive." *Texaco, Inc.*, 137 S.W.3d at 767.

At the hearing on Kelly's motion for new trial, Brenham Floral presented testimony by the court clerk that she mailed[3] the signed pretrial order to Kelly on June 13, 2012:

> Q:     Is it your testimony that what was contained inside that envelope was the order for pretrial?
>
> A:     Yes.
>
> Q:     Are you absolutely sure that that was contained in that envelope?
>
> A:     Yes, sir.
>
>                                          . . . .
>
> Q:     Do you feel like you mailed that document closer to June or closer to July, or closer to August?
>
> A:     No, it was mailed – the document was mailed on June the 13th.

The clerk's testimony, therefore, raised the presumption that Kelly received the pretrial order in due course. *See id.* at 767–68.

---

[3]     The envelope in which the pretrial order was sent is addressed to John Kelly d/b/a Brenham Flowers rather than Robert Kelly. The original petition named John Kelly but was later amended to correctly reflect his name as Robert Kelly. However, the address on the envelope is correct—801 A&B South Market Street, Brenham, Texas 77833—the address to which all other correspondence was sent and received.

As previously noted, however, the mere denial of receipt is sufficient to rebut the presumption, *see id.* at 767, and Kelly testified that he never received the pretrial order setting the June 13 trial date. His fiancée, Deann, testified that she too never received the signed pretrial order and clarified that she is the only person who receives and reviews the mail delivered to the shop. The presumption of receipt having been rebutted, the factfinder is presented with a fact issue to resolve. *See id.* at 768. The presumption of receipt is overcome conclusively only when "the evidence tending to support the contrary inference is conclusive, or so clear, positive, and disinterested that it would be unreasonable not to give effect to it as conclusive." *Id.* at 767. In addition to the testimony of the clerk, Kelly, and Deann, the trial court heard evidence that the envelope containing the signed pretrial order was never returned to the clerk's office as undelivered;[4] Kelly received all other correspondence regarding the lawsuit at the same address to which the pretrial order was sent; the address is the same listed on Kelly's pro se answer; and that Kelly and Deann assumed that the case was going to be dropped

---

[4] In *Withrow v. Schou*, 13 S.W.3d 37 (Tex. App.—Houston [14th Dist.] 1999, pet. denied), the clerk mailed notice to counsel at his last known address listed on his pleadings but the notice was returned undelivered. *See id.* at 40. A post-answer default judgment was granted against the defendant when counsel failed to appear at trial. *See id.* On appeal, the court held that the default judgment was proper because the clerk mailed notice in full compliance with the rules of civil procedure. *See id.* at 41–42.

based on the notice of dismissal for want of prosecution that they had previously received from the court.

Kelly, however, asserts on appeal that Deann's testimony that she was the only one with access to the mail, that the mail carrier typically deposited the mail in a basket in the shop, and that she regularly checked the mail suggests that it is highly unlikely that anyone took the mail. Thus, he argues, the most reasonable conclusion is that the letter never arrived because the clerk's office never sent it. Kelly further points to the court clerk's testimony that, in this particular instance, the envelope containing the signed pretrial order was photocopied before it was postmarked rather than postmarked first as is the customary practice.

As factfinder, the trial court is given great latitude to believe or disbelieve a witness's testimony, particularly if the witness is interested in the outcome. *See In re Doe 4*, 19 S.W.3d 322, 325 (Tex. 2000). The trial court's task was to decide whether Kelly had presented evidence "so conclusive, or so clear, positive, and disinterested" as to overcome the presumption of receipt, and it did so in favor of Brenham Floral. *Texaco, Inc.*, 137 S.W.3d at 767. Because we may not substitute our judgment for that of the factfinder, we hold that the evidence is sufficient to support the trial court's finding that Kelly received notice of the trial setting. *See Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998) (stating that court of appeals may not pass upon witnesses' credibility or substitute its judgment for

9

that of factfinder, even if evidence would clearly support different result). Because Kelly did not satisfy the first prong of *Craddock*, the trial court did not abuse its discretion in denying his motion for new trial. *See Cliff*, 724 S.W.2d at 779. We overrule Kelly's first issue.

## B. Attorney's Fees

In his second issue, Kelly contends that there is insufficient evidence to support the trial court's award of attorney's fees in the amount of $12,895 to Brenham Floral. Specifically, he argues that the evidence is scant, conclusory, and ignores the factors set out by the Texas Supreme Court in *Arthur Andersen & Co. v. Perry Equipment Co.*, 945 S.W.2d 812 (Tex. 1997).[5] Because Kelly raises this argument for the first time on appeal, the issue is not preserved for our review. *See* TEX. R. APP. P. 33.1(a).

To preserve a complaint for appellate review, a party must have presented its complaint to the trial court by timely request, objection, or motion with sufficient

---

[5] A trial court may consider the following non-exclusive factors when determining an award of attorney's fees: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *Arthur Andersen & Co. v. Perry Equip. Co.*, 945 S.W.2d 812, 818 (Tex. 1997).

specificity to make the trial court aware of the complaint. *Id.* Kelly never complained about the award of attorney's fees to the trial court in either his motion for new trial or at the hearing on his motion. Trial error regarding the award of attorney's fees is not fundamental error and, thus, must be preserved by timely request, objection, or motion. *Reagan Nat'l Adver. of Austin, Inc. v. Capital Outdoors, Inc.*, 96 S.W.3d 490, 496–97 (Tex. App.—Austin 2002, pet. granted, judgm't vacated w.r.m.) (concluding party waived error regarding award of attorney's fees when it failed to complain about sufficiency of evidence at hearing and filed neither motion for new trial nor other post-judgment motion bringing its complaint to trial court's attention); *Tex. Dep't of Pub. Safety v. Burrows*, 976 S.W.2d 304, 307 (Tex. App.—Corpus Christi 1998, no pet.) (finding complaint regarding award of attorney's fees waived where party did not raise issue in motion for rehearing or motion for new trial). Because Kelly did not raise the issue before the trial court, it has not been preserved for our review. *See* TEX. R. APP. P. 33.1(a). We overrule Kelly's second issue.

## Conclusion

We affirm the judgment of the trial court.

Jim Sharp
Justice

Panel consists of Justices Jennings, Sharp, and Brown.

11