

NUMBER 13-16-00633-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

SANDRA MARIBEL ARROYO, Appellant,

v.

CRISTO REY GARZA, Appellee.

### On appeal from the 370th District Court of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa
Memorandum Opinion by Justice Longoria**

Appellant Sandra Maribel Arroyo appeals from an order granting summary judgment against her. By one issue, she argues that the lower court erred in granting summary judgment against her because she had satisfied the requirements for a bill of review. We affirm.

## I. BACKGROUND

Appellee Cristo Rey Garza filed suit against appellant in July 2013, alleging that two properties in appellant's name actually belonged to him. Appellee claimed that he put the titles to the two properties in appellant's name "for the sole purpose of convenience," and that appellant agreed to transfer the two parcels back to him on demand. Appellee sought a trust over the first parcel and a constructive trust over the proceeds from the second, which appellant had sold.

Appellant appeared pro se and filed a general denial in August 2013. In her general denial, appellant indicated that her mailing address was "15200 N. Moorefield Road, Mission, Texas, 78574." All subsequent correspondence was mailed to her listed address.

Appellee filed a motion for summary judgment, and two notices were mailed to appellant's N. Moorefield Road address as listed: first, a notice of the original deadline for her response, and next, an amended deadline notice. Appellant failed to respond to either and the trial court granted appellee's motion for summary judgment on December 22, 2014. Notice of the judgment was mailed to the N. Moorefield Road address as provided by appellant on February 2, 2015.

After receiving notice to vacate, appellant filed a restricted appeal claiming that she had received notice too late to file post-judgment motions, and this Court affirmed the trial court's summary judgment. *See Arroyo v. Garza*, No.13-15-00211-CV, 2015 WL 9487259 (Tex. App.—Corpus Christi Dec. 29, 2015, no pet.) (mem. op.). Appellant then filed a petition for bill of review in the trial court seeking to set aside the November 2015 judgment. Appellee again filed for summary judgment on May 16, 2016, arguing that

2

appellant had not exercised due diligence in pursuing all adequate legal remedies against a final judgment, and the trial court granted his motion. This appeal followed.

## II. DISCUSSION

Appellant argues that the trial court erred in granting appellee's motion for summary judgment because appellee did not establish an absence of issues of material fact and that he was entitled to a judgment as a matter of law. *See* TEX. R. APP. P. 166a(c).

### A. Law of the Case and Entitlement to Bill of Review Relief

Appellee argues that because we have already made a decision in this case, the law of the case doctrine applies. Appellant argues that the law of the case doctrine is inapplicable because the initial decision contained serious errors.

#### 1. Applicable Law

Under the law of the case doctrine, a court of appeals is ordinarily bound by its initial decision if there is a subsequent appeal in the same case. *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003). An appellate court's decision is final both for matters already litigated and any other matters the parties might have litigated. *Medina v. Benkiser*, 317 S.W.3d 296, 299 (Tex. App.—Houston [1st Dist.] 2009, no pet.). This final decision is deemed the law of the case unless it is clearly erroneous. *Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 139, 150 (Tex. App.—Dallas 2011, no pet.).

Bill of review relief is only available if a party has exercised due diligence in pursuing all adequate legal remedies against a judgment. *Wembley Inv. Co. v. Herrera*, 11 S.W.3d 924, 927 (Tex. 1999).

#### 2. Analysis

3

Appellant argues that our initial decision on whether appellant received notice too late to file post-judgment motions was "clearly erroneous" because the timeline for notice provided by appellant on initial appeal was incorrect. Specifically, she claims that the conclusion that she had sufficient time to move to extend post-judgment deadlines was erroneous because she did not actually receive notice of the judgment within forty-two days after judgment was rendered. However, this is not an error in application of law by this court. In appellant's previous appeal, we held that "Arroyo does not explain why receiving notice earlier than ninety-one days after the court signed the judgment is reversible error when she did not attempt to extend the timelines through the procedure provided by Rule 306a(4)" and, as a result, that she failed to establish error on the face of the record. *See Arroyo*, No. 13-15-00211-CV, 2015 WL 9487259 at *3. The claim that she received notice within ninety-one days of judgment was made by appellant in her brief and is not a conclusion of this court. Our conclusion that appellant failed to avail herself of legal remedies is not "clearly erroneous" when appellant claimed in her earlier appeal that notice was received within forty-two days after the judgment. Because the decision was not clearly erroneous, the law of the case applies. *Cessna*, 345 S.W.3d at 150.

Furthermore, appellant did not raise the issue of notice in her restricted appeal. In a restricted appeal, only errors that are apparent on the face of the record can be raised. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). Lack of notice could have been found to be apparent on the face of the record because the record included a Rule 306a notice letter which indicated that it was unclaimed and returned to sender. *See* TEX. R. CIV. P. 306(a). However, because appellant did not raise the issue

4

of lack of notice in the restricted appeal, this court did not address it and therefore, the decision on this issue is final. *See Medina*, 317 S.W.3d at 299. Because the law of the case applies, that issue is waived and cannot now be raised in her bill of review. *See id.* Therefore, as we held previously, it remains "undisputed that [appellant] did not attempt to take advantage of the procedure for extending the post-judgment timelines." *Arroyo*, 2015 WL 9487259 at *3. Consequently, it is undisputed that Arroyo did not exhaust all adequate legal remedies, and appellant is not entitled to seek relief by bill of review. *See Narvaez v. Maldonado*, 127 S.W.3d 313, 321 (Tex. App.—Austin 2004, no pet.) (holding that the "due diligence requirement is distinct from the three bill of review elements, for the complainant must allege and prove that he exercised due diligence in pursuing all adequate legal remedies to the challenged judgment or show good cause for failing to exhaust those remedies in order to be entitled to *seek* bill of review relief").

## B.    Bill of Review

### 1.    Standard of Review and Applicable Law

We review a trial court's granting of a summary judgment motion de novo. *Buck v. Palmer*, 381 S.W.3d 525, 527 (Tex. 2012). Ordinarily, in seeking a bill of review, a party must prove: (1) a meritorious defense to the underlying cause of action; (2) that they were prevented from making the defense by fraud, accident, or wrongful act by the opposing party, or by official mistake; and (3) that judgment was unmixed with any fault or negligence of their own. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). However, plaintiffs claiming non-service, must only prove that judgment was not mixed with the plaintiff's own negligence. *See id.* at 97. Parties have a responsibility to keep the court informed of their correct addresses. TEX. CIV. PRAC. & REM. CODE ANN. § 30.015(a) (West,

5

Westlaw through 2017 1st C.S.); *see Withrow v. Schou*, 13 S.W.3d 37, 41 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).  Only notice reasonably calculated under the circumstances is required for due process, and actual notice is not required.  *See Withrow*, 13 S.W.3d at 40–41 (notice satisfied when clerk sent notice to counsel's last known address).  Failure to exercise reasonable care in providing an address is negligence and will bar relief by bill of review.  *Saint v. Bledsoe*, 416 S.W.3d 98, 112 (Tex. App.—Texarkana 2013, no pet.); *see also Montalvo v. Vela*, No. 13-14-00166-CV, 2016 WL 192063, at *4 (Tex. App.—Corpus Christi Jan. 14, 2016, no pet.) (mem. op.).

### 2. Analysis

Appellant contends that the first two requirements of a bill of review are not applicable to her case.  In cases of non-service due process relieves a bill of review plaintiff from proving a meritorious defense when a mistake or wrongful act prevented them from asserting this defense.  *See Caldwell*, 154 S.W.3d at 96–97.  Because we need not address the first two requirements, we turn to the final requirement:  whether the judgment was unmixed with appellant's negligence.

Appellant does not argue that she did not receive notice because the address notice was mailed to was incorrect; in fact, she argues it was correct.  Instead, she argues that she did not receive notice because the court's clerk failed to try other addresses after notice was returned unclaimed.  However, actual notice is not required, and the clerk satisfied the requirement for notice upon sending notice to appellant's most recent address.  *See Withrow*, 13 S.W.3d at 40.  In his May 2016 motion for summary judgment, appellee explains that after a request by him to confirm the address given by appellant, the United States Postal Service informed appellee, in a "Change of Address or Boxholder

6

Request Format – Process Servers" form, that the "15200 N. Moorefield Road" address provided by appellant does not exist. Appellant providing an incorrect address to the court and never correcting it constitutes negligence so as to bar relief by bill of review. *See Bledsoe*, 416 S.W.3d at 112. Appellant did not receive actual notice of the judgment because she negligently provided an incorrect address to the court. As a result, appellant has negligently contributed to her nonservice and has not satisfied the sole requirement for a bill of review alleging non-service. *See Caldwell*, 154 S.W.3d at 96. Because appellant failed to satisfy the requirements for a bill of review, appellee was entitled to judgment as a matter of law.

In summary, we conclude that appellant is not entitled to seek bill of review relief because she did not exhaust all adequate remedies available. *See Narvaez*, 127 S.W.3d at 321. However, even assuming that she was entitled to bill of review relief, there is no genuine issue of fact concerning her partial negligence. *See Bledsoe*, 416 S.W.3d at 112. Therefore, the trial court did not err in granting appellee's motion for summary judgment.

### III. CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Delivered and filed the
26th day of July, 2018.