

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-24-00225-CV

———————————————————

IN THE INTEREST OF E.L., A CHILD

---

On Appeal from the 322nd District Court
Tarrant County, Texas
Trial Court No. 322-734380-23

---

Before Bassel, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant M.L. (Mother) appeals the trial court's final order terminating her parental rights to her child, E.L. Because no arguable grounds support the appeal, we affirm the trial court's termination order.

The Texas Department of Family and Protective Services (Department) initiated this proceeding in May 2023 to terminate the parent–child relationship between Mother and E.L. In March 2024, the case proceeded to a bench trial. Mother appeared in person and through her attorney of record. After hearing the evidence, the trial court found that termination was in E.L.'s best interest and that the Department had proven grounds for termination under Subsections (D) (endangering conditions or surroundings), (E) (endangering conduct), (O) (failure to comply with a court order), and (P) (using a controlled substance in a manner endangering the child and continuing to abuse the controlled substance) of Section 161.001(b)(1) of the Texas Family Code. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (O), (P), (2). Mother timely appealed.

On appeal, Mother's appointed appellate counsel filed a brief stating that he had conducted a professional evaluation of the record and had concluded that there were no arguable grounds to support an appeal and that the appeal was frivolous. Counsel's brief presents the required professional evaluation of the record showing why there are no reversible grounds on appeal. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *see also In re P.M.*, 520 S.W.3d 24, 27 & n.10 (Tex.

2016) (order) (approving use of *Anders* procedure in termination-of-parental-rights appeals); *In re K.M.*, 98 S.W.3d 774, 776–77 (Tex. App.—Fort Worth 2003, order) (holding *Anders* procedures apply in termination-of-parental-rights cases). Further, counsel sent Mother a letter informing her of her right to file a pro se response.[1] *See Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014). We too notified Mother of her right to file a response,[2] but she did not file one. By letter, the Department notified us that it agreed with counsel's brief that Mother's appeal had no meritorious grounds to advance.[3]

---

[1]We notified counsel that his notice letter to Mother was insufficient because it did not inform her of her right to obtain access to the appellate record. But in response, counsel merely filed another copy of the original letter. We sent our own letter to Mother notifying her that, among other things, she could obtain a copy of the appellate record from this court for the purpose of filing a pro se response to the *Anders* brief, but as discussed more fully below, our notice was returned as undeliverable.

[2]We sent our notice to Mother via electronic and postal mail, but her email inbox was full, and the postal-mail notice, which was sent to her last-known address, was returned as undeliverable. We additionally made multiple phone calls to Mother and left a voice message that was not returned. *See In re B.D.*, No. 02-21-00194-CV, 2021 WL 5028439, at *2 n.8 (Tex. App.—Fort Worth Oct. 28, 2021, pet. denied) (mem. op.) ("Mother . . . bore the responsibility to notify her counsel . . . or . . . this court . . . of changes to her contact information."); *cf. Saint v. Bledsoe*, 416 S.W.3d 98, 112 (Tex. App.—Texarkana 2013, no pet.) ("Rule 21a, requiring notices in a judicial proceeding to be sent to the party's last known address, 'impos[es] a responsibility on the person to be notified to keep the court and parties apprised of their correct and current address.'" (quoting *Withrow v. Schou*, 13 S.W.3d 37, 41 (Tex. App.—Houston [14th Dist.] 1999, pet. denied))).

[3]In counsel's *Anders* brief, he asserted that the evidence was legally and factually insufficient to support the Subsection (P) finding. But counsel conceded that the evidence was legally and factually sufficient to support the Subsection (D), (E), and

3

When reviewing a brief that asserts that an appeal is frivolous and that fulfills the requirements of *Anders*, we must independently examine the record to determine if any arguable grounds for appeal exist. *See In re C.J.*, 501 S.W.3d 254, 255 (Tex. App.—Fort Worth 2016, pets. denied) (citing *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)). Having carefully reviewed the record and the *Anders* brief, we conclude that there are no arguable grounds that might support Mother's appeal; thus, we agree with counsel that Mother's appeal is frivolous. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). We affirm the trial court's termination order. *See* Tex. R. App. P. 43.2(a).

Mother's counsel remains appointed in this case through any proceedings in the Texas Supreme Court unless otherwise relieved of these duties. *See P.M.*, 520 S.W.3d at 27; *In re J.W.*, No. 02-22-00161-CV, 2022 WL 15076379, at \*1 (Tex. App.—Fort Worth Oct. 27, 2022, pet. denied) (mem. op. on reh'g).

/s/ Brian Walker

Brian Walker
Justice

---

(O) and best-interest findings. In its letter response, the Department asserted that the evidence was legally and factually sufficient to support the Subsection (P) finding. Because the Subsection (D), (E), and (O) and best-interest findings support the termination order, we do not have to decide the dispute over the Subsection (P) finding. *See In re J.B.*, No. 02-22-00384-CV, 2023 WL 1859766, at \*7 (Tex. App.—Fort Worth Feb. 9, 2023, pet. denied) (mem. op.) ("Along with a best-interest finding, a finding of only one ground alleged under Section 161.001(b)(1) is sufficient to support termination."). Mother's counsel acknowledged that termination requires a best-interest finding and only one ground under Section 161.001(b)(1).

Delivered:  October 10, 2024