**Debra MEDINA, Mallory Miller Jr., Dustan Costine, Chad Creighton, Richard Wyatt, and Kay Fisher, Appellants,**

v.

**Tina BENKISER and The Republican Party of Texas, Appellees.**

No. 01–08–00474–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 12, 2008.

Gary M. Polland, Gary Polland, Houston, TX, for Appellants.

Jared Ryker Woodfill, Chairman, Harris County Republician Party, John P. Devine, R. Keith Weber JR., Woodfill & Pressler, LLP, Robert E. Talton, H. Paul Pressler III, Houston, TX, for Appellees.

Panel consists of Justices TAFT, JENNINGS, and BLAND.

## OPINION

TIM TAFT, Justice.

Appellants, Debra Medina, Mallory Miller Jr., Dustan Costine, Chad Creighton, Richard Wyatt, and Kay Fisher, appeal a final judgment dismissing their claims against appellees, Tina Benkiser (Chairperson of the Republican Party of Texas) and the Republican Party of Texas ("RPT"), for want of jurisdiction and dissolving a previously entered temporary restraining order ("TRO"). We affirm.

Appellants filed suit on June 4, 2008 in Harris County Civil Court at Law No. 4, seeking declaratory judgment, a TRO, and a temporary injunction. Appellants alleged that certain procedures that appellees would follow at the RPT's state convention ("the convention")[1] would violate Texas Election Code sections 174.094 and 174.095. *See* Tex. Elec.Code Ann. §§ 174.094, 174.095 (Vernon 2003). That same day, a visiting judge entered a TRO restraining appellees from following the complained-of procedures at the convention. Appellees moved to dismiss the suit and to dissolve the TRO, which motion the trial court heard and granted on June 9, 2008, rendering judgment dismissing appellants' case and dissolving the TRO.[2] Appellants appeal from this final judgment.

## Request for Injunctive Relief

▇ The Texas Election Code provides that "[a] person who is being harmed or is in danger of being harmed by a violation or threatened violation of this code is entitled to appropriate injunctive relief to pre-

---

1. The convention is being held from June 12 to June 14, 2008.

2. The trial court necessarily did not rule on appellants' application for temporary injunction.

vent the violation from continuing or occurring." Tex. Elec.Code Ann. § 273.081 (Vernon 2003). The statute does not specify in which court injunctive relief would be appropriate, however.

■ Statutory county courts, like constitutional county courts, have the express power to issue writs of injunction. *See* Tex. Gov't Code Ann. § 25.0004(a) (Vernon 2004) ("A statutory county court or its judge may issue *writs of injunction,* mandamus, sequestration, attachment, garnishment, certiorari, supersedeas, and all writs necessary for the enforcement of the jurisdiction of the court.") (emphasis added); *see id.* § 26.051 (Vernon 2004) (constitutional county courts). Nonetheless, neither type of county court has jurisdiction to issue a writ of injunction unless the court already has jurisdiction over the controversy, either because of the subject matter or because of the amount in controversy. *See Repka v. Am. Nat. Ins. Co.,* 143 Tex. 542, 186 S.W.2d 977, 980–81 (1945); *In re Burlington N. & Santa Fe Ry. Co.,* 12 S.W.3d 891, 898 (Tex.App.–Houston [14th Dist.] 2000, orig. proceeding).

Statutory county courts (like the trial court here) "ha[ve] jurisdiction over all civil matters and causes, original and appellate, prescribed by law for county courts...." Tex. Gov't Code Ann. § 25.1032(a) (Vernon 2004); *see also id.* § 25.0003(a) (Vernon 2004) ("A statutory county court has jurisdiction over all causes and proceedings ... prescribed by law for county courts."). County courts, in turn, have jurisdiction "as provided by law," [3] which includes, with statutory and

constitutional exceptions that are inapplicable here, "concurrent jurisdiction with the district court in civil cases in which the matter in controversy exceeds $500 but does not exceed $5,000, exclusive of interest." [4] *Id.* § 26.042(d) (Vernon Supp.2007). And statutory county courts at law having concurrent civil jurisdiction with constitutional county courts also have concurrent jurisdiction with the district court in "civil cases in which the matter in controversy exceeds $500 but does not exceed $100,000...." *Id.* § 25.0003(c)(1) (Vernon Supp.2007).

■ Appellants' petition reveals that the trial court had no jurisdiction to issue the requested injunctive relief. First, no amount in controversy is involved because the suit does not seek damages. Accordingly, no jurisdiction lies by virtue of the amount-in-controversy jurisdictional provisions for county courts at law. *See* Tex. Gov't Code Ann. §§ 25.0003(c)(1), 25.1032(a), 26.042(d); *Repka,* 186 S.W.2d at 980–81. Second, the petition does not allege any special matter for which the Legislature has given jurisdiction to constitutional or statutory county courts. *Compare* Tex. Prop.Code ann. § 21.001 (Vernon 2004) (establishing jurisdiction over particular matter in county court at law by providing, "District courts and county courts at law have concurrent jurisdiction in eminent domain cases."). In these circumstances, the trial court had no subject-matter jurisdiction to issue the requested injunction. As the Texas Supreme Court has explained concerning the authority of county courts to issue injunctive relief:

---

3. Tex. Const. art. V, § 16.

4. District courts, in turn, have the jurisdiction provided by article V, section 8 of the Texas constitution. *See* Tex. Const. art. V, § 8 ("District Court jurisdiction consists of ... original

jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive ... or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body.").

This general authority, however, is limited to cases where a money demand or its equivalent is involved wherein the amount in controversy exceeds $200 and does not exceed $1,000, exclusive of interest. In no event does such authority extend to actions in a court of chancery where the allegations of the petition are not such as to bring the case within the original jurisdiction of any other court but are sufficient to invoke equitable relief. In such instances the issuance of the writ is within the exclusive jurisdiction of the district court under that clause of the Constitution which provides that the district court "shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution ..." Vernon's Ann. St. Const. art. 5, § 8.[5]

*Repka,* 186 S.W.2d at 980–81 (some citations omitted); *accord In re Burlington N. & Santa Fe Ry. Co.,* 12 S.W.3d at 898 ("In summary, ... when a county court already has jurisdiction over a controversy, either by the subject matter or amount in controversy, it has exclusive power to dispose of the controversy; this power includes the issuance of injunctions that are related to the controversy.").

For these reasons, we hold that the trial court did not err in dismissing appellants' request for injunctive relief.

### Request for Declaratory Relief

█ The Declaratory Judgment Act ("DJA") provides that "[a] court of record *within its jurisdiction* has power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." TEX. CIV. PRAC. & REM. CODE ANN. § 37.003(a) (Vernon 1997) (emphasis added). The DJA does not itself create jurisdiction. *See Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002) ("The DJA does not extend a trial court's jurisdiction, and a litigant's request for declaratory relief does not confer jurisdiction on a court or change a suit's underlying nature."). Appellants' petition does not demonstrate that their suit is one for an amount in controversy within the county court at law's jurisdiction or one that a statute allows the county court at law to entertain absent an amount in controversy. Accordingly, we hold that the trial court did not have subject-matter jurisdiction to render the declarations that appellants sought and, thus, did not err in dismissing appellants' request for them.

### Conclusion

For the reasons indicated above, we affirm the judgment of the trial court.

Appellants reurged their motion for emergency relief, which we denied on June 11, 2008, under issue two of their appellate brief. We deny the requested relief as moot.

---

5. Article V, section 8 now reads: "District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." This change in language does not alter the holding in *Repka.*