Opinion issued September 24, 2009

 













    

In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-07-01108-CV
____________

CREDIGY RECEIVABLES, INC., Appellant

V.

KIMBERLY YOUNG, Appellee




On Appeal from the County Civil Court at Law No. 1
 Harris County, Texas
Trial Court Cause No. 898237



 
MEMORANDUM OPINION

          Appellant, Credigy Receivables, Inc. (“Credigy”), appeals the county court’s
judgment of dismissal of Credigy’s suit against appellee, Kimberly Young.


 Credigy
sued Young to recover on amounts due upon Young’s failure to pay an arbitration
award in favor of Credigy. The county court, sua sponte, dismissed Credigy’s suit
against Young for want of subject-matter jurisdiction. We determine whether the
county court had valid subject-matter jurisdiction over the case. We reverse the
judgment of dismissal and remand the case for proceedings consistent with this
opinion. 
Background and Procedural History
          Young and a third party, MBNA, had a written agreement under which MBNA
would provide a credit account for Young. Credigy later purchased the account from
MBNA. 
          One of the terms of the agreement was that any issues arising out of the
agreement would be resolved by arbitration before the National Arbitration Forum. 
Issues subsequently arose between Credigy and Young regarding payment of the
balance due, and the matter was sent to arbitration. On May 30, 2006, an arbitrator
found that the Federal Arbitration Act (“FAA”) governed the arbitration and, after
reviewing the evidence submitted, entered an award in Credigy’s favor for the amount
of $4,795.57. 
          Young failed to pay this award, and, on July 11, 2007, Credigy filed suit
against Young to enforce such award. On December 13, 2007, Credigy filed a motion
in the suit by which it sought to enforce the arbitration award pursuant to the FAA. 
In its motion, Credigy asserted that the county court had jurisdiction to enforce the
arbitration award under the FAA. That same day, the county court considered the
motion to enforce the arbitration award and, in open court, sua sponte dismissed the
entire cause for want of subject-matter jurisdiction. The county court stated that it
had reviewed the brief supporting the enforcement of the arbitration award but found
that “it is not within the parameters of a trial court judge to make this finding that is
being requested at this time; and so the Court finds that it still does not have
jurisdiction in these arbitration awards and therefore I am dismissing this case based
upon lack of jurisdiction.” 


 
Discussion

          In two issues for review, Credigy argues that the county court erred by
dismissing its suit against Young because (1) the FAA preempts the Texas Arbitration
Act (“TAA”) to the extent that the TAA conflicts with the federal statute, and (2), the
county court had subject-matter jurisdiction over the case, as it is a civil case
involving the confirmation of an arbitration award that does not exceed $100,000.00. 
We address only the second issue, as it is dispositive of this case.



A.      Standard of Review

          A trial court’s authority to adjudicate a particular issue is a question of subject-matter jurisdiction. See, e.g., Scott v. Gallagher, 209 S.W.3d 262, 264 (Tex.
App.—Houston [1st Dist.] 2006, no pet.) (stating that “[s]ubject-matter jurisdiction
refers to the court’s power to hear a particular type of suit”); Metro. Transit Auth. v.
Jackson, 212 S.W.3d 797, 801 (Tex. App.—Houston [1st Dist.] 2006, pet. denied)
(holding that “[l]ack of subject-matter jurisdiction is the absence of power to make
any ruling at all”). Whether a trial court has valid subject-matter jurisdiction is a
question of law, Texas Natural Resourse Conservation Commission v. IT-Davy, 74
S.W.3d 849, 855 (Tex. 2002), and, therefore, we review the question of subject matter
jurisdiction de novo. See Texas Dept. of Parks and Wildlife v. Miranda, 133 S.W.3d
217, 226 (Tex. 2004). Under this standard, we “construe the pleadings in favor of the
plaintiff and look to the pleader’s intent.” See Texas Ass’n of Bus. v. Texas Air
Control Bd., 852 S.W.2d 440, 446 (Tex. 1993) (quoting Huston v. Fed. Deposit Ins.
Corp., 663 S.W.2d 126, 129 (Tex. App.—Eastland 1983, writ ref’d n.r.e.)). Unless
the petition affirmatively demonstrates an absence of subject-matter jurisdiction, we
will presume that the trial court had valid subject-matter jurisdiction. See French v.
Moore, 169 S.W.3d 1, 6 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing Lee
v. El Paso County, 965 S.W.2d 668, 671 (Tex. App.—El Paso 1998, pet. denied)). 
Therefore, in order to defeat subject-matter jurisdiction, the pleadings must show an
“incurable jurisdictional defect.” Patton v. Jones, 212 S.W.3d 541, 545 (Tex.
App.—Austin 2006, pet. denied) (op. on reh’g). Such a jurisdictional defect makes
it impossible for any amendment to the petition to confer jurisdiction of the matter on
the trial court. See Porretto v. Patterson, 251 S.W.3d 701, 707 (Tex. App.—Houston
[1st Dist.] 2007, no pet.).
B.      Subject-Matter Jurisdiction

          Texas law provides that Harris County civil courts have jurisdiction over all
“civil matters and causes, original and appellate, prescribed by law for county courts.” 
Tex. Gov’t. Code Ann. § 25.1032(a) (Vernon 2004). The jurisdiction “prescribed
by law” is that of “civil cases in which the matter in controversy exceeds $500 but
does not exceed $100,000, excluding interest, statutory or punitive damages and
penalties, and attorney’s fees and costs, as alleged on the face of the petition.” Id. at
§ 25.0003(c)(1) (Vernon 2004); see also Medina v. Benkiser, 262 S.W.3d 25, 27
(Tex. App.—Houston [1st Dist.] 2008, no pet.) (discussing statutory grants of
jurisdiction to county courts).
          In its petition, Credigy alleged a civil case with an amount in controversy of
less than $100,000.00. The pleadings do not contain any “jurisdictional defect”
which would bar jurisdiction in the county court. The possible application of the
FAA, and the possible preemption of the TAA by the FAA, do not present a
jurisdictional defect.


 The application of federal or state law to the arbitration
agreement is immaterial, as state courts have concurrent jurisdiction with federal
courts to enforce the FAA. In re Palacios, 221 S.W.3d 564, 565 (Tex. 2006) (quoting
In re Kellogg Brown & Root, Inc., 166 S.W.3d 732, 739 (Tex. 2005)). Because of
this concurrent jurisdiction, even if the FAA governs the arbitration award, a question
we need not determine,


 such fact would not be a jurisdictional defect that deprives
the county court of subject matter jurisdiction. 
          The county court had valid subject matter jurisdiction over the suit. We sustain
appellant’s second issue.Conclusion
          We reverse the county court’s judgment of dismissal and remand for further
proceedings consistent with this opinion.



                                                                        
Jim Sharp
Justice

Panel consists of Justices Jennings, Higley, and Sharp.