Opinion issued December 31, 2009




 








 

 





In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00777-CV

____________


DEBRA MEDINA, MALLORY MILLER, JR., DUSTAN COSTINE, CHAD
CREIGHTON, RICHARD WYATT, AND KAY FISHER, Appellants


V.


TINA BENKISER AND THE REPUBLICAN PARTY OF TEXAS, Appellees




On Appeal from the County Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 919790






O P I N I O N


 Appellants contend the trial court below erred by granting a motion to modify
a previous judgment and awarding attorney's fees to appellees after the judgment was
affirmed by this Court. We sustain appellants' first issue and hold that the trial
court's award of attorney's fees to appellees is void.Background

 In 2008, appellants Debra Medina, Mallory Miller, Jr., Dustan Costine, Chad
Creighton, Richard Wyatt, and Kay Fisher filed an original petition for declaratory
relief, temporary restraining order and injunctive relief in the Harris County Civil
Court at Law Number 4. Appellants alleged they were elected delegates and
alternates to the 2008 Republican Party of Texas state convention, and they
challenged the credentials of other delegates "due to violations of the law and rules
at the Nueces County Texas Republican convention in March 2008." Appellants
asked the county court to declare that certain provisions of the Texas Elections Code
were applicable to the Texas Republican Party's (the "Party's") 2008 convention in
Houston, which was to commence on June 12, 2008. Appellants sought to enjoin
certain acts of the Party and to prevent the Party from undertaking business at the
convention. Appellants' petition included a request for attorney's fees. 

 Appellants' request for a TRO was granted. Appellees subsequently moved to
dissolve the TRO and dismiss the suit and sought their attorney's fees pursuant to
Texas Civil Practice and Remedies Code Section 37. On June 9, 2008, the trial court
granted appellees' plea to the jurisdiction. The court's order also dissolved the
temporary restraining order and dismissed the cause. The court's order did not award
attorney's fees. The next day, appellants appealed that judgment to this court. 
Appellants did not file a motion for new trial or a motion to modify, correct or reform
the judgment.

This Court's Opinion in Medina I

 In light of the need for expediency alleged by the parties, this Court issued a
series of orders shortening the time for filing briefs and setting the case for
submission on June 12, 2008, three days after the trial court entered its final order
dismissing the case. (1) This Court's opinion and judgment issued the same day the case
was submitted--June 12, 2008. Medina v. Benkiser, 262 S.W.3d 25 (Tex.
App.--Houston [1st Dist.] 2008, no pet.) ("Medina I"). Our opinion, after first noting
that the order at issue was a "final judgment," (2) held that the county court lacked
subject-matter jurisdiction to issue the requested injunctive relief because appellants'
suit did not seek any damages and thus the suit did not satisfy the statutory amount-in-controversy jurisdiction of the county court, nor did appellants' lawsuit allege any
subject matter over which the Legislature had given jurisdiction to the statutory
county courts. Id. at 27. Accordingly, this Court held that the county court did not
err in dismissing appellants' request for injunctive relief for lack of jurisdiction. 262
S.W.3d at 28. 

 The Court also held that the county court did not have subject-matter
jurisdiction to render the requested declarations under the Declaratory Judgments Act: 

 The Declaratory Judgments Act ("DJA") provides that '[a] court of
record within its jurisdiction has power to declare rights, status, and
other legal relations whether or not further relief is or could be claimed.'
The DJA does not itself create jurisdiction. . . . Appellants' petition
does not demonstrate that their suit is one for an amount in controversy
within the county court at law's jurisdiction or one that a statute allows
the county court at law to entertain absent an amount in controversy. 

 

Id. (internal citations omitted) (emphasis in original). The mandate issued on
September 8, 2008. 

The Trial Court Modifies the Judgment after Medina I

 On July 8, 2008--thirty days after the trial court's final order dismissing the
case issued and almost a month after our opinion and judgment in Medina I issued-- 
appellees filed a Motion to Modify Judgment in the county court, seeking an award
of their attorney's fees. On July 18, 2008, the trial court granted the motion to modify
and awarded appellees their attorney's fees, subject to an evidentiary hearing on the
amount. In the order granting that motion, the trial court found that 

 the judgment signed on June 9, 2008, was erroneous in that it did not
award attorneys fees to the Defendants. The Court further finds that the
motion to modify, correct or reform the judgment was filed within 20
days of the date of signing of the court's original judgment, such that the
Court has plenary power to modify, correct or reform the judgment at
this time.


 On August 7, 2008, the court conducted an evidentiary hearing as to the
amount of attorney's fees incurred by appellees. On August 12, 2008, the court
signed a Final Judgment stating, "[T]he previous Order dissolving the Temporary
Restraining Order and granting Defendants' Plea to the Jurisdiction is modified to
provide [Defendants] recovery from [Plaintiffs] of attorney fees . . . ." The judgment
awarded appellees $14,500 in attorney's fees for trial, and $25,000 for appellate and
post-judgment attorney's fees. The judgment also stated, "This judgment is final,
disposes of all claims and all parties, and is appealable. Any relief not granted herein
is denied." This appeal followed.

Analysis

 Appellants contend the trial court lacked plenary power to entertain the motion
to modify the judgment and to award attorney's fees. We agree the trial court lacked
plenary power to modify the judgment. Therefore, we do not address appellants'
second issue, which asserts the trial court lacked subject-matter jurisdiction to award
attorney's fees to appellees under the Declaratory Judgment Act.

Plenary Power of Trial Court

 In their first point of error, appellants contend the trial court lacked plenary
power to modify the judgment and award attorney's fees. We agree.

 Texas Rule of Civil Procedure 329b provides that a trial court has plenary
power over its judgment for at least 30 days after the date of the judgment. Tex. R.
Civ. P. 329b. Pertinently, Rule 329b provides, "The trial court regardless of whether
an appeal has been perfected, has plenary power to grant a new trial or to vacate
modify correct or reform the judgment within thirty days after the judgment is
signed." Tex. R. Civ. P. 329b(d). If a motion for new trial is timely filed "the trial
court, regardless of whether an appeal has been perfected, has plenary power to grant
a new trial or to vacate, modify, correct or reform the judgment until thirty days after
all such timely-filed motions are overruled, either by a written and signed order or by
operation of law whichever occurs first." Tex. R. Civ. P. 329b(f). Rule 329b further
provides that "[a] motion to modify correct or reform a judgment . . . shall be filed
and determined within the time prescribed by this rule for a motion for new trial and
shall extend the trial court's plenary power and the time for perfecting an appeal in
the same manner as a motion for new trial." Tex. R. Civ. P. 329b(g). "In the event 
a motion to modify, correct or reform a judgment is not determined by written order
signed within seventy-five days after the judgment was signed, it shall be considered
overruled by operation of law on expiration of that period." Tex. R. Civ. P. 329b(c).

 Here, appellees' motion to modify the trial court's judgment was filed within
30 days after the trial court's final order issued on June 9, 2008. Thus, the motion
was timely under Rule 329b(d). However, the judgment of this Court had issued on
June 12, 2008, almost a month before the motion to modify the trial court's judgment
was filed on July 8, 2008. "[W]hen an appellate court affirms a trial court's
judgment, that judgment then becomes the judgment of both courts." Cook v.
Cameron, 733 S.W. 137, 139 (Tex. 1987); see also Dallas County v. Sweitzer, 971
S.W.2d 629, 630 (Tex. App.--Dallas 1998, no pet.) ("The trial court's only duty is
to enforce the judgment as rendered. . . . Its only authority is to carry out the mandate
of the appellate court.")(internal citations omitted). An appellate court's judgment
is final not only in reference to the matters actually litigated, but as to all other
matters that the parties might have litigated and decided in the case. Martin v. Credit
Prot. Ass'n Inc., 824 S.W.2d 254, 257 (Tex. App.--Dallas, 1992, writ dism'd w.o.j.);
see also Lake v. Lake, 899 S.W.2d 737 (Tex. App.--Dallas, 1995, no writ) (holding
that trial court could not go beyond appellate court's mandate and consider
appellant's claim for attorney's fees on remand). Once our opinion and judgment
have issued, the trial court loses its plenary power and the trial court loses the power
to review, interpret, or enforce its judgment. See Harris County Children's
Protective Servs. v. Olvera, 971 S.W.2d 172, 175-76 (Tex. App.--Houston [1st Dist.]
2006, pet. denied) (trial court erred by awarding attorney's fees after appeal because
it lacked plenary power to do so).

 Our opinion and judgment in Medina I constituted the final resolution of the
controversy between the parties, and the trial court lacked plenary power to award
attorney's fees to appellees. By affirming the trial court's judgment, our judgment
essentially adopted the judgment of the trial court dismissing the case for lack of
jurisdiction. Because the trial court did not award attorney's fees to the appellees in
its judgment--and the appellees did not raise this failure to award fees as an issue in
Medina I--our opinion and judgment in Medina I closed the door on the possibility
of the appellees recovering their attorney's fees in this case. See, e.g., Martin, 824
S.W.2d at 257 (trial court erred by granting relief not specified in appellate court's
mandate after court of appeals reversed and rendered judgment); see also Tex. R.
App. Proc. 38.1(i); San Jacinto River Auth. v. Duke, 783 S.W.2d 209, 209-10 (Tex.
1990) (per curiam) (holding it is a "well-established rule that grounds of error not
asserted by points of error or argument in the court of appeals are waived").

 Citing to Civil Practices & Remedies Code § 51.014(a)(4), appellees now
attempt to cast Medina I as an interlocutory appeal from an order granting a motion
to dissolve a TRO. They argue that the county court, therefore, retained jurisdiction
over the controversy after our opinion and judgment issued. However, at the time the
appeal was filed, the parties agreed that the trial court's order dismissed the cause and
this Court acknowledged in its opinion the finality of the judgment dismissing the
cause. Appellants cannot now recast their appeal after our judgment and mandate. 
Moreover, a party, cannot appeal from an interlocutory order of a county court at law
granting or denying a plea to jurisdiction unless that party is a governmental unit.
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon 2008). Appellees do not
fit the definition of a governmental unit, nor do they attempt to contend that they
could do so. See Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3) (Vernon 2008). 
Appellees, therefore, could not--and did not--file an interlocutory appeal in Medina
I.

 Appellees point to Falls County Water Control & Improvement Dist. No. 1 v.
Haak, 220 S.W.3d 92 (Tex. App.--Waco, no pet.), as an example in which a trial
court granted a motion to modify a judgment and awarded attorney's fees after
dismissing the cause. Falls County is distinguishable based on differences in
procedural history. In this case, our opinion and judgment had already issued when
the trial court modified the judgment, while in Falls County the trial court modified
the judgment prior to the filing of the notice of appeal. See Falls County, 220 S.W.3d
at 96 (showing timeline of events from signing of judgment to notice of appeal). 
Therefore, unlike in this case, there was no intervening appellate judgment affirming
the trial court that became the judgment of the trial court. See Dallas County, 971
S.W.2d at 630. Moreover, even if this were not the case, Falls County, is controlled
by a different statutory scheme--the Texas Property Code and its provision relating
to condemnation cases. Falls County, 220 S.W.3d at 93. After dismissing the
condemnation claims because it found the Water Authority had failed "to make a
new, reasonable and bona fide offer for the taking [of the property at issue]," the trial
court in Falls County granted the motion for recovery of attorney's fees. Id. This
order was pursuant to the defendants' motion to recovery attorney's fees and other
expenses as permitted by Texas Property Code section 21.019(c). Id.; see Tex. Prop.
Code § 21.019(c) (Vernon 2003) (specifically allowing recovery of attorney's fees
after court grants property owner's motion to dismiss condemnation proceeding). 

 We sustain appellants' first issue and hold that the trial court lacked plenary
power to modify the judgment and award appellees' attorney's fees. Conclusion

 We sustain appellants' first issue and hold that the trial court's order on the
motion to modify judgment, and its subsequent "final judgment" awarding attorney's
fees to appellees, is void. We therefore vacate the trial court's judgment of August
12, 2008, and dismiss this appeal. 


 

 

 George C. Hanks, Jr.

 Justice

 

Panel consists of Justices Keyes, Alcala and Hanks.

1. Tex. R. App. P. 38.6(d) (allowing appellate courts, in the interests of justice, to shorten the
time for filing briefs and submission of cases). 
2. Medina v. Benkiser, 262 S.W.3d 25, 26 (Tex. App.--Houston [1st Dist.] 2008, no
pet.)(stating, "Appellants appeal from this final judgment.").