Opinion issued June 15, 2021



In The

# Court of Appeals

### For The

# First District of Texas

—————————————

### NO. 01-19-00618-CV

—————————————

### GARY LYNN FOMBY, Appellant

### V.

### MANORCARE – SHARPVIEW OF HOUSTON, TEXAS, LLC, Appellee

---

### On Appeal from the 133rd District Court
### Harris County, Texas
### Trial Court Case No. 2016-19064

---

### MEMORANDUM OPINION

This is the second appeal in this health-care-liability case. In the trial court, appellant, Gary Lynn Fomby, brought negligence claims against Dr. Jaime Clavijo and appellee, ManorCare – Sharpview of Houston, Texas, LLC ("ManorCare"). Clavijo and ManorCare moved to dismiss Fomby's claims on the ground that he

failed to file an expert report in accordance with the substantive requisites of Texas Civil Practice and Remedies Code Chapter 74.[1] The trial court denied the motions, and Clavijo and ManorCare appealed. On appeal, we affirmed the trial court's order as to Clavijo.[2] We reversed the trial court's order as to ManorCare and remanded for entry of an order of dismissal and an assessment of attorney's fees and costs.[3] On remand, the trial court entered an order dismissing Fomby's claims against ManorCare with prejudice and awarding fees and costs. In this appeal, Fomby, proceeding pro se, challenges the trial court's order dismissing his claims against ManorCare.[4] In his sole issue, he argues that Chapter 74 is unconstitutional, facially and as applied, because the expert-report requirement "represent[s] a substantial obstacle and undue burden" on a litigant's access to the courts.

We affirm.

## Background

Because our previous opinion addresses the underlying facts, only a brief summary of the background and the procedural history relevant to the issues currently before us is presented. *See Clavijo and Manor Care – Sharpview of*

---

[1]    *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a).

[2]    *See Clavijo and Manor Care – Sharpview of Hous., Tex., LLC v. Fomby*, No. 01-17-00120-CV, 2018 WL 2976116, *16 (Tex. App.—Houston [1st Dist.] June 14, 2018, pet. denied) (mem. op.).

[3]    *See id.* (citing TEX. CIV. PRAC. & REM. CODE § 74.351(b)).

[4]    Clavijo is not a party to this appeal.

2

*Houston, Texas, LLC v. Fomby*, No. 01-17-00120-CV, 2018 WL 2976116, at *1–4 (Tex. App.—Houston [1st Dist.] June 14, 2018, pet. denied) (mem. op.).

In December 2013, Fomby underwent cardiac surgery. During the procedure, a vein was harvested from his right leg, resulting in a 20-inch incision, extending from above his knee to midway down his lower leg. *Id.* at *1. Subsequently, he was transferred to ManorCare for post-operative care and physical therapy. *Id.* Dr. Clavijo was his treating physician. *Id.*

In the trial court, Fomby alleged that, the day after surgery, ManorCare physical therapists, acting on Dr. Clavijo's orders, directed him to ride an exercise bicycle. *Id.* While riding the bicycle, his surgical leg wound ruptured. *Id.* Subsequently, his wound became infected, and he developed severe diarrhea from antibiotics prescribed to treat the infection. *Id.* at *2. He alleged that, during his stay at ManorCare, nursing staff failed to respond to his repeated requests for assistance with walking to the restroom. *Id.* During his multiple attempts to walk to the restroom unassisted, he lost control of his bowels and fell, soiling the dressing on his surgical wound. *Id.* In his first fall, he injured his surgical wound and right foot. *Id.* He alleged that, after his second fall, nursing staff did not change the soiled dressing on his surgical wound until the wound care nurse arrived for her shift an hour later. *Id.* After he was transported back to the hospital for treatment of an infection in his surgical wound, he was diagnosed with a Methicillin-resistant-

Staphylococcus-aureus infection, underwent debridement of the wound and placement of a wound vacuum, and, later, amputation of his "big toe." *Id.*

Fomby sued Dr. Clavijo and ManorCare for negligence, alleging that their individual breaches of the standard of care in treating him had caused him to undergo additional surgery, lengthened his stay in nursing homes, and caused him physical injury, medical expenses, pain and suffering, lost wages, physical impairment, and mental anguish. *Id.* To support his claims, Fomby filed and served upon Clavijo and ManorCare a medical expert report authored by Sumita Chowdhury, M.D. *Id.* After the trial court sustained Dr. Clavijo's and ManorCare's objections to the sufficiency of the report and gave Fomby an opportunity to cure the deficiencies, Chowdhury filed a supplemental report. *Id.*

Dr. Clavijo then moved to dismiss Fomby's claims against him on the grounds that Dr. Chowdhury's report, as supplemented, did not reflect that she was qualified and failed to adequately address causation. *Id.* at *4. ManorCare moved to dismiss Fomby's claims against it on the ground that Chowdhury's report failed to adequately address the standard of care and breach. *Id.* The trial court denied Clavijo's and ManorCare's motions. *Id.* at *5.

On appeal, we affirmed the trial court's order denying Dr. Clavijo's motion to dismiss Fomby's claims. *Id.* at *16. We reversed the trial court's order as to ManorCare because Dr. Chowdhury's report, which did not specifically articulate

4

what ManorCare's staff should have done differently, did not constitute a statement of a standard of care. *Id.* at *15–16. Further, the report did not state or reflect that Chowdhury had considered any medical records in formulating her opinion that ManorCare's staff had "carelessly" cleaned Fomby's wound. *Id.* at *15. Rather, Chowdhury affirmatively stated that she had formulated her opinions based on Fomby's beliefs and representations.[5] *Id.*

We held that the trial court erred in denying ManorCare's motion to dismiss Fomby's health care liability claims against it. *Id.* at *16. We reversed the trial court's order and remanded the case for further proceedings consistent with the opinion. *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 74.351(b)).[6] Subsequently, this Court denied Fomby's motion for rehearing, and the Texas Supreme Court denied Fomby's petition for review.

On remand, the trial court held a hearing on attorney's fees. During the hearing, Fomby, proceeding pro se, generally asserted that Civil Practice and

---

[5]  *See id.* at *14 n.12 (citing *Loaisiga v. Cerda*, 379 S.W.3d 248, 261 (Tex. 2012) ("If an expert could formulate an adequate expert report by merely reviewing the plaintiff's pleadings and assuming them to be true, then artful pleading could neutralize the Legislature's requirement that expert reports demonstrate the plaintiff's claims have merit. . . ."); *Hous. Methodist Hosp. v. Nguyen*, 470 S.W.3d 127, 131 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (holding that, in formulating opinions, "medical expert must consider, at a minimum, medical records that are relevant to those opinions, along with the pleadings")).

[6]  *See* TEX. CIV. PRAC. & REM. CODE § 74.351(b) (requiring that trial court enter order dismissing claim with prejudice and awarding reasonable attorney's fees and costs to affected health care provider).

Remedies Code Chapter 74 is unconstitutional. He asserted that an expert report should not be required and that "there [are] freedom of speech issues involved" and "separation of power issues involved." The trial court discussed the issue with Fomby but did not rule on the matter. The trial court then entered a final order dismissing Fomby's claims against ManorCare with prejudice and assessing attorney's fees and costs against Fomby.

## Constitutional Challenge

In his sole issue, Fomby argues that Civil Practice and Remedies Code Chapter 74 is unconstitutional, facially and as applied, because the expert-report requirement "represent[s] a substantial obstacle and undue burden" on a litigant's access to the courts. He asserts that the dismissal of his claims against ManorCare constitutes a denial of his access to the courts.

### A. *Jurisdiction and Scope of Review*

As a threshold matter, we first consider this Court's jurisdiction to review the trial court's judgment after remand. In addition, we consider the scope of the issues remanded to the trial court and thus the scope of our review.

This Court has jurisdiction, consistent with Texas Government Code section 22.220(a), to review a trial court's final judgment after remand. *See Phillips v. Bramlett*, 407 S.W.3d 229, 237 (Tex. 2013). "[T]o the extent the mandate vests the trial court with [authority], albeit limited, to determine issues on remand, the parties

6

retain their right to appeal the trial court's subsequent determinations through the usual and customary process of appeal." *Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 139, 144 (Tex. App.—Dallas 2011, no pet.).

Generally, when an appellate court reverses and remands a case for further proceedings, and the mandate is not limited by special instructions, the effect is to remand the case to the lower court on all issues of fact, and the case is reopened in its entirety. *See Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986); *In re Henry*, 388 S.W.3d 719, 727 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). Issues of law are governed by the "law of the case" doctrine. *In re Henry*, 388 S.W.3d at 727. Courts have held that a remand "for further proceedings consistent with this opinion," without more, constitutes a general remand. *Simulis, L.L.C. v. Gen. Elec. Capital Corp.*, 392 S.W.3d 729, 734–35 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

When an appellate court remands a case and limits a subsequent trial to a particular issue, the trial court may only determine that particular issue. *Hudson*, 711 S.W.2d at 630. On remand, "the trial court has no authority to take any action that is inconsistent with or beyond the scope of that which is necessary to give full effect to the appellate court's judgment and mandate." *Phillips*, 407 S.W.3d at 234. "An appellate court's judgment is final not only in reference to the matters actually litigated, but as to all other matters that the parties might have litigated and decided

in the case." *Medina v. Benkiser*, 317 S.W.3d 296, 299 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

The scope of an appellate court's remand is determined by referring to both its mandate and its opinion. *See Hudson*, 711 S.W.2d at 630; *In re Henry*, 388 S.W.3d at 727. The appellate court's opinion is instructive in interpreting any limitations placed on the scope of the remand. *Freightliner Corp. v. Motor Vehicle Bd. of Tex. Dep't of Transp.*, 255 S.W.3d 356, 363 (Tex. App.—Austin 2008, pet. denied).

## B.     *Analysis*

This Court's mandate in the previous appeal states that there was reversible error in the portion of the trial court's order denying ManorCare's motion to dismiss the claims against it. Accordingly, this Court reversed that portion of the trial court's order and remanded that portion of the case to the trial court for further proceedings. This Court's opinion states that, as provided by Civil Practice and Remedies Code section 74.351, a health care liability claimant must timely provide each defendant health care provider with an expert report. *See Fomby*, 2018 WL 2976116, at *5 (citing TEX. CIV. PRAC. & REM. CODE § 74.351(a)). And, if a defendant health care provider files a motion to dismiss, challenging the adequacy of the claimant's expert report, the trial court "must grant" the motion if it appears that the report does not represent an objective good faith effort to comply with the definition of an expert

8

report or is not sufficiently specific to provide a basis for the trial court to conclude that the claims have merit. *See id.* (citing TEX. CIV. PRAC. & REM. CODE § 74.351(l)). This Court then held that Fomby's expert report was inadequate as to ManorCare and thus that the trial court erred in denying ManorCare's motion to dismiss Fomby's health care liability claims against it. *Id.* at \*16. We reversed the trial court's interlocutory order and remanded the case for "further proceedings consistent with this opinion," citing Civil Practice and Remedies Code section 74.351(b). *Id.* (citing TEX. CIV. PRAC. & REM. CODE § 74.351(b)).

Section 74.351(b) provides, with exception inapplicable here, that if an expert report has not been served in accordance with the statute, the trial court, on the motion of the affected health care provider, "shall . . . enter an order" that:

> (1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and
>
> (2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

TEX. CIV. PRAC. & REM. CODE § 74.351(b). Accordingly, as directed, the trial court entered an order dismissing Fomby's claims against ManorCare with prejudice and assessing attorney's fees and costs against him. *See id.*

Again, although courts have concluded that a remand "for further proceedings consistent with this opinion," *without more*, constitutes a general remand, *see Simulis*, 392 S.W.3d at 734, this Court's opinion reflects that its remand was limited

9

to the statutorily required entry of an order of dismissal and assessment of attorney's fees and costs. The trial court's authority was thus limited to complying with that instruction, and it could not re-litigate issues raised in the prior trial. *See Phillips*, 407 S.W.3d at 234. Our judgment was final "not only in reference to the matters actually litigated, but as to *all other matters that the parties might have litigated and decided in the case*." *Medina*, 317 S.W.3d at 299 (emphasis added).

Fomby asserts on appeal that his challenge to the constitutionality of Chapter 74 has not been addressed and that he has been denied access to the courts. He re-filed in the instant appeal the clerk's record from his previous appeal. The record shows, however, that Fomby had an opportunity to litigate his constitutional challenge and have it decided, but did not. *See id*.

As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion, and that the trial court ruled on the request or that it refused to rule and that the complaining party objected. TEX. R. APP. P. 33.1(a)(1). This rule also applies to constitutional claims. *See In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) (noting that United States Supreme Court and Texas Supreme Court have held that constitutional issues must be preserved and that party asserting such issues must present them to trial court by timely request, motion, or objection *and obtain ruling*); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 222 (Tex. 2002) (holding that "litigant

10

must raise an open-courts challenge in the trial court" to preserve it for appellate review); *Taylor v. Corr. Med. Servs., Inc.*, No. 01-11-00836-CV, 2013 WL 2246052, at *3 (Tex. App.—Houston [1st Dist.] May 21, 2013, no pet.) (mem. op.) (holding complaint that expert-report requirement in section 74.351 was unconstitutional, facially and as applied, in that it violated due-process and open-courts provisions of Texas Constitution, was not preserved).

The record shows that Fomby, in his December 15, 2016 response to ManorCare's motion to dismiss his claims, asked the trial court to declare, "Chapter 74 unconstitutional under the Federal and State Constitutions." He argued, in part, that Chapter 74 is unconstitutional, on its face and as applied, because "various provisions of Chapter 74 place a substantial obstacle" in his "path," and the "path[s] of citizens," and "constitute[] an undue burden" on court access. On January 6, 2017, Fomby filed a notice, stating that he asked the trial court to "defer any ruling" on "the expert witness report and/or the constitutionality of Chapter 74" until he was discharged from the hospital and had an opportunity to "submit responsive pleadings." Fomby noted that he anticipated that such "responsive pleadings may . . . be submitted by the end of [the] next week, but may take longer depending on [his] health condition at date of discharge." Our record does not show that Fomby ever submitted such pleadings or revisited this matter.

11

ManorCare then sent a letter asking the trial court to rule on ManorCare's motion, and the trial court ruled on the motion. The record shows that the trial court found that ManorCare did not meet its burden to show that Fomby's expert report was inadequate. Our record does not reflect that the trial court, in ruling on ManorCare's motion, considered Fomby's various constitutional issues. Thus, Fomby's constitutional issues were not preserved.[7] *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) ("The burden is on the appellant to see that a sufficient record is presented to show error requiring reversal."); *Huston v. United Parcel Serv., Inc.*, 434 S.W.3d 630, 636 (Tex. App.—Houston [1st Dist.] 2014, pet. denied); *see also* TEX. R. APP. P. 33.1(a)(1); *In re L.M.I.*, 119 S.W.3d at 711. And,

---

[7] With respect to the concerns raised in the concurrence, Fomby's burden *as the appellant in this appeal* was to bring forth a record showing that the trial court committed error. *See Huston v. United Parcel Serv., Inc.*, 434 S.W.3d 630, 636 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). That is, he was required to show that he timely presented his constitutional issues to the trial court for a ruling and that he obtained a ruling, express or implied, on those matters. *See* TEX. R. APP. P. 33.1; *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003).

Although Fomby raised constitutional issues in his response, he later expressly asked the trial court not to rule on them until he filed further pleadings, which he then never filed. ManorCare then asked the trial court to rule on ManorCare's motion, and the trial court ruled on the motion. The record shows that the trial court found that ManorCare did not meet its burden to show that Fomby's expert report was inadequate. Again, our record does not reflect that the trial court ever considered Fomby's various constitutional issues. Accordingly, ManorCare did not, and was not required to, challenge Fomby's constitutional issues in the first appeal because there was nothing for this Court to review.

Notably, after we issued our opinion in the first appeal, Fomby filed a petition for review in the Texas Supreme Court, in which he presented the same unpreserved constitutional issues he now raises. And, the supreme court denied review.

12

Fomby cannot now rely on his failure to preserve error before the previous appeal as an opportunity to present the identical issue in the instant appeal. *See Cruz v. Schell, Beene & Vaughn, L.L.P.*, No. 05-01-00565-CV, 2012 WL 3194074, at *4 (Tex. App.—Dallas Aug. 7, 2012, pet. denied) (mem. op.).

We conclude that Fomby's constitutional issues were not preserved in this case. We hold that the trial court did not err in dismissing Fomby's claims against ManorCare, in accordance with this Court's mandate.

## Conclusion

We affirm the trial court's final order dismissing Fomby's claims against ManorCare.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Goodman and Farris.

Farris, J., concurring.