

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-24-00218-CV

---

Frank W. Fouts, IV and Sheila D. Stibolt, Appellants

v.

Kurt W. Muench, Lance A. Muench, Mark A. Muench,
and UpCurve Energy Partners, LLC, Appellees

---

On Appeal from the 143rd Judicial District Court
Reeves County, Texas
Trial Court No. 19-09-23159-CVR

---

## MEMORANDUM OPINION

The initial dispute in this case concerned whether a 160-acre tract of land in Reeves County, Texas (the property) was conveyed to the grantees as their separate property or as community property, and with or without the right of survivorship. After the trial court rendered summary judgments on both matters, that final order was appealed. *See UpCurve Energy Partners, LLC v.*

*Muench*, 661 S.W.3d 907 (Tex. App.—El Paso 2023, no pet.). This Court affirmed in part, reversed in part, and remanded for further proceedings. *See id.* at 922. On remand, the sole issue before the trial court was "the marital property characterization issue of whether the grantees of the l981 Deed received their interest as separate property or community property." Following a bench trial, the trial court signed a final judgment that determined the parties' respective separate property interests and incorporated its previous ruling on the survivorship issue. Frank W. Fouts, IV and Sheila D. Stibolt (collectively, Appellants) appealed. For the following reasons, we affirm.

## I. BACKGROUND[1]

In 1981, Dorothy M. Werner conveyed the property to her three children via a quit claim deed (the 1981 Deed). Her three children were Shirley A. Muench, Richard A. Werner, and Geraldine Fox. Appellees, Kurt W. Muench, Lance A. Muench, and Mark A. Muench (collectively, the Muenches), obtained their interests in the property from their mother, Shirley Muench. Appellants obtained their interests in the property from Geraldine Fox. UpCurve Energy Partners, LLC (UpCurve) obtained its interests via conveyances from other grantees.

In the initial lawsuit, the Muenches filed a trespass-to-try-title suit against several defendants, including Appellants and UpCurve. On cross-motions for summary judgment, the trial court considered: the Muenches' argument that the property was conveyed as a gift and was therefore their separate property; UpCurve's argument that the property was not conveyed with right of survivorship and the conveyance was a grant of community property; and Appellants' argument that the property was conveyed with right of survivorship. On August 11, 2021, the trial court issued a final order (1) granting the Muenches' motion for summary judgment "as to the

---

[1] A more detailed summary of the facts and procedural history of the underlying dispute may be found in our prior opinion. *See UpCurve Energy Partners, LLC v. Muench*, 661 S.W.3d 907, 910–15 (Tex. App.—El Paso 2023, no pet.).

separate property issue" and otherwise denying the motion; (2) granting UpCurve's motion for summary judgment "as to the survivorship issue" and otherwise denying the motion; and (3) denying Appellants' motion for summary judgment.

UpCurve appealed, arguing the trial court erred in determining the property was conveyed as separate property. None of the parties appealed the trial court's ruling on the survivorship issue. *See id*. at 914, 916 n.3. After considering the appeal, this Court concluded that (1) the Muenches did not meet their summary judgment burden to conclusively establish a conveyance by gift such as to characterize the ownership of the grantees' interests as separate property, and (2) UpCurve failed to meet its burden to conclusively establish the community property character of the property interest conveyed to each grantee. *Id*. at 921–22. We then reversed the trial court's grant of the Muenches' motion for summary judgment, affirmed the trial court's denial of UpCurve's motion for summary judgment, and remanded for further proceedings consistent with the opinion. *Id*. at 922.

On remand, the sole issue before the trial court was "the marital property characterization issue of whether the grantees of the 1981 Deed received their interest as separate property or community property." At the bench trial, the only evidence considered by the trial court was an Agreed Statement of Facts[2] and the 1981 Deed. No witnesses testified. The court heard argument regarding whether the 1981 Deed was a gift deed that conveyed separate property or whether the deed conveyed community property. The issue of survivorship, although briefly mentioned, was not relitigated.

---

[2] The Agreed Statement of Facts set forth two alternative outcomes regarding the parties' respective ownership interests in the property: one if the court determined the 1981 Deed was a grant of separate property and the other if the court determined the deed was a grant of community property. Each party was identified by name with their respective interest under each scenario.

3

At trial, the Muenches argued in favor of their position that the property should be characterized as separate property, while UpCurve argued that the property should be characterized as community property.

Fouts argued as follows:

Good afternoon, Your Honor. This is going to be short and sweet. Sheila and I have come here today to hear your decision on how our grandmother's 1981 Illinois deed was conveyed. We have not changed our position. It was a survivorship deed. We are not going to take up the Court's time to rehash what we've already rehashed many times before because nothing has changed. The nonmaterial correction deed along with the appellate's [sic] opinion says it all, but that's not for us to decide. It's for you to decide. And that being said, we rest our side.

.       .       .

There are recitals in the 1981 deed that were not recognized. And I realize where we're at right now where [sic] the survivorship issue, but at the time–at this time, we would like to adopt [the Muenches'] argument as [sic] separate property issue even though we still think and know it was a survivorship deed, but we agree with everything that he says.

And Stibolt argued:

. . . I just wanted to say that of out of the cases presented here, I don't think there's any that reflect a deed from Illinois. My grandmother was from Illinois. The deed was drafted in Illinois. Illinois is not a community property state . . . so I don't know how they can impose or manipulate a 1981 deed from Illinois to fit Texas rules and codes because it's not going to. It was crafted in Illinois. Illinois is not a community property state and it does accept survivorship.

We also recognize that when you did not rule in our favor as far as a summary judgement, that the wording was not there for survivorship in Texas, and we agreed with that. It wasn't. And that's when we introduced the nonmaterial correction deed, but like I say, again, to impose Texas rules and laws on an Illinois deed, I think is unfair.[3]

---

[3] When Appellants each filed separate answers to the lawsuit, they attached as an exhibit a document dated April 3, 2017, entitled "Correction Quit Claim Deed (Nonmaterial Correction)." The document stated: "Error Being Corrected" "Volume 408, Page 81, Deed Records of Reeves County. Texas . . . The words 'with rights of survivorship' were inadvertently excluded from the Original Conveyance after the words 'not in Tenancy in Common but in Joint Tenancy' (in the first paragraph of the Original Conveyance)." This document was not offered or admitted at the trial on remand.

The trial court pointed out "that the real property that is the issue in the case is Texas real property and that does make a difference on which law is applied to determine the outcome."

On June 6, 2024, the trial court issued a letter ruling. The next day, Appellants filed a motion to reopen the evidence contending they had discovered a previously unidentified heir. The trial court later denied the motion. On July 2, 2024, the trial court signed a judgment in favor of the Muenches on their trespass-to-try-title claim and determining the various parties' respective interests in the property. The trial court incorporated its previous summary judgment on the right of survivorship issue.

## II. APPELLANTS' ARGUMENTS ON APPEAL

As a preliminary matter, we recognize that Appellants are acting pro se on appeal and we must construe their briefs "liberally, and with patience." *See Smart v. Prime Mortgage & Escrow, LLC*, 659 S.W.3d 155, 160 (Tex. App.—El Paso 2022, pet. denied). "[W]e are mindful of our duty to construe appellate briefs 'reasonably, yet liberally, so that the right to appellate review is not lost by waiver' and to 'reach the merits of an appeal whenever reasonably possible.'" *Conroy v. Wilkerson*, 626 S.W.3d 24, 30 (Tex. App.—El Paso 2021, no pet.) (quoting *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam)). But even so, the law is well-settled that a party proceeding pro se must comply with all applicable procedural rules and properly present her case on appeal. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). We are not permitted to make allowances or apply different standards simply because a pro se litigant is acting without an attorney. *Id.*; *Jonson v. Duong*, 642 S.W.3d 189, 193 (Tex. App.—El Paso 2021, no pet.) ("To hold otherwise would be to give pro se litigants an unfair advantage over parties represented by counsel.").

We understand Appellants' arguments as raising challenges (1) to the trial court's determination that the property was conveyed without right of survivorship and (2) to the trial court's denial of the motion to reopen the evidence. To the extent Appellants may argue otherwise, any other potential issue has been waived by inadequate briefing under Texas Rule of Appellate Procedure 38.1(i).[4] *See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

## III. Right of Survivorship Issue

Before we consider Appellants' argument on the issue of survivorship, we must address whether this issue is properly before us in this appeal. Prior to the first appeal, the trial court considered the parties' arguments regarding whether the 1981 Deed conveyed the property with right of survivorship. UpCurve moved for summary judgment against Appellants on the ground that "[n]o right of survivorship in the Property exists under the 1981 Deed or any purported correction of the 1981 Deed[.]" Appellants moved for summary judgment on the ground that the deed contained a right of survivorship.[5] The trial court granted UpCurve's motion for summary judgment "as to the survivorship issue" and denied Appellants' motion. As noted above, the trial court also ruled on the separate versus community property issue, granting the Muenches' motion for summary judgment "as to the separate property issue." The summary judgment decreed the ownership interests of the parties in the property and denied all other relief not expressly granted.

---

[4] For example, after the bench trial, Appellants filed a motion to take judicial notice of the law from other states in support of their survivorship claim. On appeal, Appellants contend the trial court "erred by not even acknowledging the Motion." But Appellants do not support this contention with legal authority; therefore, we do not consider the merits of this complaint.

[5] On appeal, the Muenches point out that the clerk's record does not contain a copy of Appellants' motion for summary judgment. The clerk's record contains only a copy of Appellants' reply in support of their motion for summary judgment. In light of our conclusion below that this issue is not properly before us, it does not matter that the motion is not in the record.

6

There is no dispute that the trial court's order was final and appealable. *See Garcia v. Ramirez as Co-Tr. of Ramirez Min. Tr.*, No. 08-23-00117-CV, 2024 WL 2801931, at *2 (Tex. App.—El Paso May 31, 2024, no pet.) (mem. op.) ("For a summary-judgment order to be final, it must unambiguously dispose of all claims and all parties.").

The only party to perfect an appeal was UpCurve, and it appealed on a single ground: "the trial court erred in granting the Muenches motion for summary judgment on the issue of whether the original grantees' interests were community property or separate property, and . . . the trial court further erred in denying UpCurve's cross motion on the same issue." *Muench*, 661 S.W.3d at 916.[6] Appellants could have filed a notice of appeal from the 2021 final order to broaden the issues to include whether the 1981 Deed contained a right of survivorship, but they did not do so. *Id.* at 916; *see also Chen v. Razberi Techs., Inc.*, 645 S.W.3d 773, 783 (Tex. 2022) ("Any party seeking to challenge issues not already pending before the appellate court must file a notice of appeal from the final judgment."); Tex. R. App. P. 25.1(c) ("A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal. . . . The appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause."). Because Appellants did not perfect an appeal from the trial court's summary judgment ruling on the survivorship issue, they waived their complaint. *See Bunton v. Bentley*, 153 S.W.3d 50, 53 (Tex. 2004) ("ordinarily, an appellant waives any complaint about the trial court's judgment that is not raised in the court of appeals"); *Pat Baker Co. Inc. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) (per curiam) ("It is axiomatic that an appellate court cannot reverse a trial court's judgment absent properly assigned error.").

---

[6] This Court noted that "UpCurve's notice of appeal indicated it was not appealing the trial court's ruling as to the survivorship issue." *Muench*, 661 S.W.3d at 916 n.3.

7

Therefore, the only issue addressed in the prior appeal was the characterization of the property conveyed under the 1981 Deed as either separate property or community property. *Muench*, 661 S.W.3d at 920–21. Concluding that the parties did not satisfy their summary judgment burdens on this issue, we reversed that portion of the order and remanded for proceedings consistent with our opinion. *Id*. at 922. Our mandate in the first appeal explained the partial affirmance and the reversal and remand as to the separate property issue, stating, in part:

> The Court has considered this cause on the record and concludes the trial court's judgment should be affirmed in part, and reversed and remanded in part. The judgment of the trial court denying [UpCurve's] summary judgment motion [as to the separate property issue] is affirmed. The portion of the trial court's judgment granting [the Muenches'] summary judgment motion [as to the separate property issue] is reversed, and the case is remanded to the trial court for further proceedings consistent with the opinion of this Court.

On remand, a trial court is authorized to take actions necessary to give full effect to the appellate court's judgment and mandate. *Phillips v. Bramlett*, 407 S.W.3d 229, 234 (Tex. 2013); *see also Cessna Aircraft Co. v. Aircraft Network, LLC*, 345 S.W.3d 139, 144 (Tex. App.—Dallas 2011, no pet.) ("On remand, the filing of the mandate with the trial court vests the trial court with limited [authority], as defined by the parameters of the mandate, to decide those issues specified in the mandate."). The trial court does not have the authority to take any action that is inconsistent with or beyond the scope of that which is necessary to give full effect to the appellate court's judgment and mandate. *Phillips*, 407 S.W.3d at 234; *Scott Pelley P.C. v. Wynne*, 578 S.W.3d 694, 699 (Tex. App.—Dallas 2019, no pet.).

Because no party appealed from the part of the trial court's order granting UpCurve's motion for summary judgment on the ground that the property was not conveyed with right of survivorship and denying Appellants' argument that the property was conveyed with right of survivorship, that part of the judgment was final and unappealable. *See United Res., L.P. v. Sepco*

8

*Tubulars, Inc.*, No. 04-12-00663-CV, 2014 WL 3339537, at \*3 (Tex. App.—San Antonio July 9, 2014, no pet.) (mem. op.) ("When the Court remanded the case to the trial court with its mandate, it necessarily remanded the cross-claims against United Resources and the part of the trial court's April 22, 2008 judgment that rendered a take-nothing judgment on those claims. However, because no party had appealed the part of the trial court's judgment that rendered a take-nothing judgment on the cross-claims against United Resources, that part of the judgment was final and unappealable."); *Medina v. Benkiser*, 317 S.W.3d 296, 299 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ("An appellate court's judgment is final not only in reference to the matters actually litigated, but as to all other matters that the parties might have litigated and decided in the case.").

The trial court's final judgment on remand correctly incorporated its previous summary judgment on the survivorship issue. *United Res.*, 2014 WL 3339537, at \*4 (Marion, J., concurring) ("the trial court lacked authority to review or interpret the part of its [summary judgment] that was final and unappealable"); *see also George v. Vick*, 686 S.W.2d 99, 100 (Tex. 1984) (per curiam) (holding that because "[n]o party appealed from the trial court's judgment insofar as it disposed of the actions by and against Penny McLean and John Askew[, the] trial court's judgment as to them is affirmed and need not be tried again").

We conclude that we do not have authority to consider Appellants' argument on the issue of whether the 1981 Deed contained a right of survivorship. Accordingly, we overrule Appellants' first issue.

## IV. MOTION TO REOPEN EVIDENCE

During the bench trial, the trial court stated, "[t]he evidence for the Court to consider is the 1981 deed as well as the stipulation of facts that's been submitted by the parties which includes a statement regarding familia[l] relationships." The court asked each party in turn whether "the

Court's statement of the evidence to be considered comports with your understanding of what the evidence is for the Court to consider[.]" Each party, including Appellants, answered in the affirmative. The court then asked, "[w]ith that, am I correct that the parties now stipulate that the evidence is closed and that this trial would be based on the evidence that the Court has now admitted and then we will proceed to legal argument?" Again, each party, including Appellants, agreed.

After the trial court conducted the bench trial and issued its letter ruling, Appellants moved to reopen the evidence, contending they had discovered a previously unidentified heir. The trial court later denied the motion. On appeal, Appellants rely on Texas Rule of Civil Procedure 270: "[w]hen it clearly appears to be necessary to the due administration of justice, the court may permit additional evidence to be offered at any time; provided that in a jury case no evidence on a controversial matter shall be received after the verdict of the jury." Tex. R. Civ. P. 270. According to Appellants, it is necessary to the due administration of justice that the correct heirs, including the alleged heir, receive their entitled interest.

"Rule 270 allows, but does not require, a trial court to permit additional evidence." *Karam v. Brown*, 407 S.W.3d 464, 472 (Tex. App.—El Paso 2013, no pet.); *Hernandez v. Lautensack*, 201 S.W.3d 771, 779 (Tex. App.—Fort Worth 2006, pet. denied). In determining whether to grant a motion to reopen, a trial court considers whether (1) the movant showed due diligence in obtaining the evidence, (2) the proffered evidence is decisive, (3) reception of such evidence will cause undue delay, and (4) granting the motion will cause an injustice. *Karam*, 407 S.W.3d at 472–73; *Hernandez*, 201 S.W.3d at 779.

The decision to reopen is within the trial court's sound discretion. *Id*. Here, Appellants have not demonstrated that the trial court abused its discretion in denying their motion to reopen

the evidence. Neither in their motion nor on appeal do they address any of the factors a court should consider. Appellants contend they "had to wait to introduce this Motion because if the 1981 Deed had been determined to be a 'Survivorship Deed,' [t]his motion would not be necessary as the Separate Property heirs would not be included per the language of the 1981 Deed." Appellants do not address whether they were diligent in "discovering" the alleged heir's identity, nor do they argue that they were not required to show due diligence. *See Karam*, 407 S.W.3d at 473. Appellants do not state when they "discovered" the alleged heir; however, most of the exhibits attached to their motion bear June 2022 dates, long before the January 2024 bench trial. Furthermore, their statement on appeal that they "had to wait" to introduce the evidence implies they had the evidence prior. Therefore, "it was incumbent upon [Appellants] to prove that [the identity of the alleged heir] was not in [their] possession or available to [them] until" after the trial concluded. Instead, Appellants agreed on the record to the evidence that the trial court would consider. *See id*.

Because Appellants have failed to demonstrate that any of the factors identified above were satisfied, we cannot conclude the trial court abused its discretion by denying their motion to reopen the evidence. Accordingly, we overrule Appellant's second issue.

## V. Conclusion

For the reasons stated above, we affirm the trial court's judgment.


LISA J. SOTO, Justice

November 24, 2025

Before Salas Mendoza C.J., Palafox and Soto, JJ.

11